TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant
Raymond Ignacio Duenas, Jr.*

FILED
DISTRICT COURT OF GUAM
JUL 05 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00039 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MOTION TO SUPPRESS PHYSICAL EVIDENCE** |
| RAYMOND IGNACIO DUENAS, JR., | ) | |
| Defendant. | ) | |

----------

COMES NOW the Defendant, RAYMOND IGNACIO DUENAS, JR., through counsel, Joseph C. Razzano, Esq., Teker Torres & Teker, P.C., and moves this Honorable Court to suppress physical evidence seized at the residence of Raymond Ignacio Duenas, Jr. Service of the warrant was invalid and/or the crime scene was tainted and, therefore, so is the evidence obtained as a result of the search.

This Motion is based upon the Fourth Amendment to the United States Constitution, the following Memorandum of Law, Declaration of Counsel, and upon evidence which may be adduced at the evidentiary hearing to be held upon this matter.

## MEMORANDUM OF LAW

### I. FACTS.

On April 19, 2007, at approximately 5:40 a.m., officers from the Guam Police Department searched Lot 10141-1-4-3, Route 28, Astumbo, Dededo, Guam. Police Officer II Frankie Smith allegedly made contact with a confidential informant regarding illegal drug activity in a residence located on *Y-sengsong Road*, Dededo, Guam. The confidential informant allegedly identified Raymond I, Duenas, Jr. as being in possession of stolen property inside his residence. The confidential informant allegedly saw large amounts of stolen property and weapons of various calibers inside the residence. Additionally, the confidential informant assisted in a controlled buy of methamphetamine from Mr. Duenas and/or Lourdes Castro.

At approximately 5:40 a.m., the search began with various officers entering the home of Mr. Duenas unannounced. The officers stormed the home and attacked Ms. Castro throwing her to the floor and dragged Mr. Duenas out of the bedroom while another officer kicked and beat Mr. Duenas. During the search, the Guam Fire Department was called and arrived on the scene to treat a hysterical female.

The search continued for the next six (6) hours. The police contacted various private business owners including, but not limited to, Marianas Cablevision, Mid Pac, Inc. and the Department of Public Works who were allowed access to the scene. The media was called and were allowed unfettered access to the crime scene and evidence. In some instances police officers who claim they had been the victim of burglaries had evidence removed from the crime scene and personally delivered to their homes by the Guam Police Department. Even the Chief of Police, Paul Suba, described the crime scene as "chaotic." As a result of the beating sustained by Mr. Duenas, he was transported to the Guam Memorial Hospital, Emergency Room.

At approximately 3:45 p.m., Mr. Duenas, for the first time since the ordeal began, was read his constitutional rights after being held for over ten (10) hours.

At approximately 5:25 p.m., Mr. Duenas was arrested.

## II. ARGUMENT.

### A. The Manner In Which the Search Warrant Was Executed Renders the Search Unreasonable.

The manner in which the search warrant is executed may render the search unreasonable. *U.S. v. Windsor*, 846 F.2d 1569, 1579 (9th Cir. 1988) (*en banc*). Violation of the knock-and-announce requirements of 18 U.S.C. § 3109 requires suppression. *United States v. Zermeno*, 66 F.3d 1058, 1062-63 (9th Cir. 1995). The Supreme Court has recognized knock-and-announce as a component of the Fourth Amendment. *Wilson v. Arkansas*, 514 U.S. 927 (1995). The Court in *Wilson*, recognized that a variety of purposes underlie the knock-and-announce principle and that the "reasonableness" of the officer's entry must be weighed against whether such purposes have been satisfied. As it is clear here that the officers did not knock-and-announce, the burden is on the government to show the search was reasonable and/or complied with 18 U.S.C. § 3109.

The execution of the search warrant is also flawed in that there is no evidence that Mr. Duenas was ever provided a copy of the search warrant and affidavit. *U.S. v. Gantt*, 194 F.3d 987 (9th Cir. 1999). The *Gantt* court suppressed the evidence reasoning that the whole purpose of Fed. R. Crim. P. 41(d) is to give notice and to show the particularity of the search. There is no "good faith" exception as the police were simply operating outside the rule. This case is even more egregious than what occurred in *Gantt*. In this case, Judge Maraman specifically limited the search to certain structures. However, as the Court will see from the videotaped evidence, which Mr. Duenas will offer for the Court's review, the crime scene was complete chaos. In addition, as a

result of the search, one person was hospitalized and another required medical assistance from the Guam Fire Department.

For all of the above reasons, Defendant requests this Court to suppress all physical evidence seized as the service of the search warrant was invalid and/or the execution of the search warrant rendered the search and seizure unconstitutional.

*Respectfully submitted* this 5th day of July, 2007.

TEKER TORRES & TEKER, P.C.

By /s/
**JOSEPH C. RAZZANO, ESQ.**
Attorneys for Defendant