TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*

FILED
DISTRICT COURT OF GUAM
JUL 05 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00039 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MOTION FOR PRETRIAL DISCOVERY** |
| RAYMOND IGNACIO DUENAS, JR., | ) | |
| Defendant. | ) | |

----------

## MOTION

COMES NOW the Defendant, RAYMOND I. DUENAS, JR., through counsel, Joseph C. Razzano, Esq., and moves this Honorable Court for an order compelling the prosecution to, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *U.S. v. Morgan*, 581 F.2d 933 (D.C. Cir. 1979), and *Roviaro v. U.S.*, 353 U.S. 53 (1957), to disclose:

1. All impeachment evidence of the prosecution's witnesses, including

   a. The personnel files of the Prosecution's law enforcement witnesses that may contain evidence material to the preparation of a defense pursuant to Rule 16(a)(1)(c) or exculpatory under *Brady v. Maryland*;

b. The criminal records of the Prosecution's witnesses pursuant to *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) and *U.S. v. Alverez-Lopez*, 559 F.2d 1155 (9th Cir. 1977);

c. Audiotapes of telephone calls made by or between confidential informants;

d. Any recordings of Mr. Duenas' interrogation; and

e. The names, addresses and positions of all persons who entered the crime scene either as law enforcement, or civilians who, at the direction of G.P.D., were allowed to retrieve their belongings or who helped in removing evidence from the scene.

2. The identity and whereabouts of the confidential informant who was utilized during the investigation of this case and who provided information which resulted in Mr. Duenas becoming one of the targets of the investigation in this case, including securing an interview with said informant.

In addition, Mr. Duenas seeks an order mandating that the Government disclose:

a. Any information regarding the informant suggesting that s/he was under the influence of alcohol, narcotics, or other drug at the time of the observations about which the witness will testify and/or the informant informed, or that the witness'/informant's faculties of observation were impaired in any way. *U.S. v. Sampol*, 636 F.2d 621 (D.C. Cir. 1980);

b. the informant's criminal record. *U.S. v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977);

c. nonmonetary assistance also provided to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant, such status having existed either at the time of the offense and/or any other time through the day at trial; *Singh v. Prunty*, 142 F.3d 1157 (9th Cir. 1998), *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

d. all benefits or promises of benefit or statements that benefit would not be

provided without cooperation that were made to the informant in connection with this case, whether or not fulfilled. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the Court concerning pending charges against the informant, or any other sort of consideration of value;

    e.  the nature of assistance provided in the past, including the number of occasions and form(s) of help.

  As grounds for this motion, Mr. Duenas states

  1.  Mr. Duenas was arrested on April 19, 2007, after G.P.D., DEA and other law enforcement agencies had executed a search warrant on Chamorro Land Trust property off *Y-Sengsong* Road in Dededo, where Mr. Duenas and his family live. Mr. Duenas is now charged by indictment with Conspiracy to Distribute Methamphetamine Hydrochloride [12 U.S.C. § 841(a)(1) (Count 1)], Possession of Methamphetamine Hydrochloride With Intent to Distribute [12 U.S.C. § 841(a)(1) (Count 2)], Using and Carrying a Firearm During a Drug Trafficking Crime [18 U.S.C. § 924(c)(1)(A)(i) (Counts 3 and 4)].

  The affidavit for the search warrant in this case, appended hereto as Exhibit "A," states that within seventy-two (72) hours preceding April 19, 2007, a confidential source had purchased methamphetamine within Chamorro Land Trust property, Dededo. The source, after making the purchase, reported the purchase directly to the officer who provided the affidavit in support of the search warrant. The source advised Officer Frankie E. Smith that he could purchase the drugs from Mr. Duenas and his wife. Mr. Duenas asserts that he mut be provided with the aforementioned information to adequately prepare a defense. Mr. Duenas asserts that access to and the identity of the confidential informant is critical to any alleged connection of Mr. Duenas to the contraband in this case. Moreover, the informant's identity and access to him/her is essential to effective representation of Mr. Edwards, his presentation of a defense, and the discovery of exculpatory

information. ***Brady v. Maryland***, 373 U.S. 83 (1963); ***Washington v. Texas***, 388 U.S. 14 (1967).

Furthermore, during the search of the scene, numerous law enforcement officers, members of the Guam Attorney General's office, a judge, Marianas Cablevision employees, Mid-Pac, Inc. employees and others were allowed access to the scene to investigate, remove evidence, observe, and retrieve belongings. Mr. Duenas believes that the scene was compromised and made unsterile. Mr. Duenas asserts that the identity, addresses, positions and reasons why they were there constitute an integral part of his defense.

## ARGUMENT

In ***Roviaro v. U.S.***, 353 U.S. 53 (1957) the Supreme Court acknowledged an accused's entitlement to disclosure of the identity of an informant. In this case, the informant's identity could lead to exculpatory information since there may be a probability that the drugs found at Lot 10141-1-4-3, Route 28, Astumbo, Dededo, may have been put there by someone other than Mr. Duenas.

In ***U.S. v. Morgan***, 581 F.2d 933 (D.C. Cir. 1979), the Court held that in a situation involving the execution of a search warrant, evidence that another person was selling [drugs] from the house was decidedly relevant." 581 F.2d at 936. In ***Morgan***, the D.C. Circuit reversed the conviction based upon the trial court's exclusion of the informant's statements regarding who had sold him the drugs during a "controlled buy." The Circuit held that "the excluded evidence [bore] on a matter that could be determinative of guilt or innocence." ***Id.*** Likewise, in the instant case, the description of the person who sold drugs to the informant as well as the informant's identity, could be determinative of Mr. Duenas' innocence since he could establish that the person who sold the informant the drugs during the controlled buy described in the affidavit for the search warrant was someone other than Mr. Duenas thereby negating any inference that the drugs found by the police on April 19, 2007, were possessed by Mr. Duenas. Thus, disclosure of the informant's identity and

whereabouts is essential to discovery of exculpatory information for Mr. Duenas. *Brady v. Maryland*, 373 U.S. 83 (1963). It is also critical to Mr. Duenas' constitutional right to present a defense. *Washington v. Texas*, 388 U.S. 14 (1967).

In *Roviaro* the Supreme Court acknowledged the need for defense counsel to interview the witness. 353 U.S. at 64 ("[t]he desirability of, ... at least interviewing [the confidential informant] in preparation for trial, [is] a matter for the accused rather than the government to decide"). Likewise, in other contexts the Supreme Court has held that an interest in confidentiality is overcome when the accused's right of confrontation is at stake. *See Davis v. Alaska*, 415 U.S. 308 (1974) (accused is entitled to cross-examine prosecution witness regarding his juvenile probationary status notwithstanding the interest in confidentiality of juvenile adjudications).

The information sought, in addition to the informant's identity, relates directly to the credibility of the informant and his/her bias and is therefore relevant to impeaching the informant and providing the defense with exculpatory information. Mr. Duenas has a constitutional right to explore the informant's bias and credibility on cross-examination. *Giglio v. U.S.*, 405 U.S. 150 (1972); *Giles v. Maryland*, 386 U.S. 66 (1967); *Napue v. Illinois*, 360 U.S. 264 (1959) (denial of due process occurred where prosecutor failed to correct prosecution witness who testified perjuriously that he had received no promise of consideration in exchange for his testimony). *See also Villaromen v. U.S.*, 184 F.2d 261, 262 (D.C. Cir 1950) ("Bias of a witness is always relevant"). Moreover, the defense's entitlement to the requested information is supported by the case law. *See e.g. Giglio v. U.S., supra* (entitlement to promises the witness or informant has received in consideration for his/her testimony) (personnel file of government witness allowed to defense); *Giordano v. U.S.*, 394 U.S. 310 (1969) (informant's prior testimony while acting as an informant); *U.S. v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972) (promises received for consideration); *U.S. v.*

1 | *Lindstrom*, 698 F.2d 1154 (11th Cir. 1983) (psychiatric history); ***Williams v. Griswold***, 743 F.2d

2 | 1533 (11th Cir. 1984) (criminal history); ***U.S. v. Auten***, 632 F.2d 478 (5th Cir. 1980).

3 |     WHEREFORE for the foregoing reasons, and any others which may appear in supplemental

4 | pleadings which Mr. Duenas reserves the right to file, and at a full hearing on this matter, Raymond

5 | Ignacio Duenas, Jr., through counsel, respectfully requests that this Motion be granted and that this

6 | Court order the government to disclose the requested information.

7 |     DATED at Hagåtña, Guam, on July 5, 2007.

**TEKER TORRES & TEKER, P.C.**

By _____
for **JOSEPH C. RAZZANO, ESQ.**
Attorney for Defendant, ***Raymond I. Duenas, Jr.***