**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*

**FILED**
**DISTRICT COURT OF GUAM**

OCT - 2 2007

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00039 |
| | ) | |
| Plaintiff, | ) | **REPLY BRIEF TO PLAINTIFFS'** |
| | ) | **RESPONSE TO DEFENDANT** |
| vs. | ) | **RAYMOND IGNACIO DUENAS,** |
| | ) | **JR.'S MOTION FOR DISCOVERY** |
| RAYMOND IGNACIO DUENAS, JR., | ) | **AND MOTION TO SUPPRESS** |
| | ) | |
| Defendant. | ) | |

----------

**I.**

**THE GOVERNMENT'S FAILURE TO PROVIDE ADEQUATE DISCOVERY REGARDING THE IDENTITIES OF PERSONS WHO ATTENDED THE SEARCH OF THE DUENAS RESIDENCE.**

The Government in its Response Brief on Page 2 Lines 4 through 5 claims that the Government has provided the identities of people who came to the Defendant's residence to reclaim their stolen property. The Government asserts that the information is in various Guam Police Reports provided in discovery. Those reports indicate that members of Marianas Cablevision ("MCV") and Judge Barrett-Anderson and her Deputy Marshall, Jerry Eustaquio,

**ORIGINAL**

1  were permitted to enter the search scene and obtain items prior the securing of evidence.

2  However, the reports fail to show that there were other people who visited the scene. However,

3  information has been obtained from a reliable source that members of Mid-Pacific Distributors,

4  Inc. ("Mid-Pac") and KUAM and members of their news team were also on the scene. KUAM

5  obviously filmed the search and that film will be provided during the cross-examination of various

6  officers. Thus, the police reports are either incomplete or other discovery exists showing the

7  other person or persons who were on the scene. Therefore, Defendant requests that additional

8  discovery be provided or officers be identified who can testify as to the additional persons allowed

9  into the unsecured crime scene.

10                                              **II.**

11  **DEFENDANTS ARE ENTITLED TO INFORMATION CONCERNING THE**
    **IDENTITY OF THE INFORMANT WHO MADE THE CONTROLLED BY**
12  **FROM LOURDES DUENAS ON JUNE 17, 2007.**

13          Although the Government claims that the confidential informant ("CI") will not be a

14  witness at trial, that is, they will not be their witness at trial. The identity of the informant could

15  prove to provide evidence the Defendant wishes to provide at trial and, in addition, may assist

16  with the evidentiary hearing on Defendant's Motion to Suppress currently scheduled for October

17  16, 2007. In addition, the Defendant has requested the audio tape recording of the telephone

18  conversation made between the CI and Raymond Duenas and/or Lourdes Castro Duenas.

19  Although the Government claims that no audio tapes exist, the police report of Frankie Smith

20  clearly states that the conversation was recorded. During the synopsis of his report on the final

21  page he states "As a result of the operation led to the seizure of suspected methamphetamine

22  (commonly known as ice) and the recording the conversation between the S.O.I. and suspects."

23  See Exhibit "A" attached hereto and incorporated herein by reference. Additionally, the United

1 | States Attorney's Office, in a letter of May 14, 2007 admits they are in possession of the audio

2 | recordings. Please see Exhibit "B" letter from Karen Johnson dated May 14, 2007 attached

3 | hereto and incorporated herein by reference. Therefore, the Government's assertion that no

4 | audio tapes exist is untrue and further shows they have not coordinated with the Guam Police

5 | Department to obtain the discovery requested by the Defendant. The court should note that this

6 | is not the first request for discovery made by Defendant in this case. On April 23, 2007, Mr.

7 | Duenas requested discovery materials by and through his original attorney, John Gorman. The

8 | correspondence was directed to Karen Johnson and received by the United States Department of

9 | Justice on April 24, 2007. See Exhibit "C" attached hereto and incorporated herein by reference.

10 | That request was not fulfilled and of course, based on the evidence provided to the court,

11 | continues to be denied.

12 | Again, on May 2, 2007, Mr. Duenas requested discovery material. That request was

13 | received by the United States Attorney's Office on May 3, 2007. Once again, as the evidence will

14 | show, the request was ignored and continues to be denied as of the date of this filing. See Exhibit

15 | "D" attached hereto and incorporated herein by reference.

16 | The Defendant recognizes its burden to show that the disclosure of the informant would

17 | be relevant. However, the fact that the Defendant has been denied discovery of the audio tapes

18 | and other unknown discovery, it is difficult to determine what, if anything, the CI may provide.

19 | The Government's refusal to provide the discovery after two (2) requests and a motion (which

20 | they originally ignored) seems to indicate that the Government is either hiding evidence or is not

21 | readily prepared to explain why the evidence is now missing.

22 | Just as the Government has been provided some defference with respect to this motion,

23 | Defendant requests the same treatment from the court and requests that all discovery requested

1    be provided, specifically, discovery which does exist and has either been ignored or hidden by

2    the United States.

3                                         **III.**

4              **DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE.**

5              The Government asserts that defendant has cited no authority for the proposition that the

6    manner in which the search was executed can require the Suppression of evidence.

7              Defendant directs the Government's attention to ***Wilson v. Layne***, 526 US 603. The police

8    in the case at bar had the press and other third-parties, including judicial officers, without the

9    consent of the homeowner and not in furtherance of the search accompany the police or access

10   to the crime scene for no apparent or legitimate reason. Additionally, the Search Warrant is

11   devoid of any reference to third-party, non-government assistance, being requested and ordered

12   by Judge Maraman.

13             The ***Wilson*** case is right on point. In ***Wilson***, the Supreme Court held specifically, that

14   media presence at the search scene and not present for any reason related to the justification for

15   the police entry into the home is a violation of the Fourth Amendment. ***Wilson v. Layne***, 526 US

16   at 611.

17             In light of the Supreme Court's holding in ***Wilson***, the police in this case have violated the

18   Fourth Amendment *per se*. The court is only left to determine that suppression of all evidence

19   as the fruit of the poisonous tree is the appropriate remedy.

20             WHEREFORE, Defendant requests that discovery be provided and the identity of the

21   confidential informant be provided or that the issue be addressed after full disclosure of the audio

22   tapes which are in Officer Smith's possession.

23   ///

1    Additionally, the Defendant requests that the court recognize the Supreme Court ruling in

2   *__Wilson__* and order suppression of all evidence seized during the *per se* unreasonable search and

3   seizure.

4        RESPECTFULLY submitted this 2nd day of October, 2007.

5                                          **TEKER, TORRES & TEKER, P.C.**

7                              By _____

8                                 JOSEPH C. RAZZANO, ESQ.
                                   Attorneys for Defendant

# Exhibit

# A

2/17/07 purchase
of ice.

 

# GUAM POLICE DEPARTMENT

### 233 Central Ave, Tiyan Guam 96913
Tel: 671-472-8911  Fax: 671-472-9719

## CASE REPORT SUPPLEMENT

**DATE:** 04/22/2007

LAXAMANA NOTES? ☐ Yes ☒ No

**CASE#:** 2007-00011046

| Report Date |
|---|
| 4/17/2007 |

Reporting Officer ID and Name

**585**
**Frankie**
**Smith**

Beat - **A5**

| OFFENSE: (Class, Statute, Description) | | Count |
|---|---|---|
| 1 | 67.401.2 (a)  Illegal Possession of a Controlled Substance | 1 |
| 2 | 67.401.1(a)(1)  Possession, Etc., Illegal Delivery, Dispensing, or Manufacturing | 1 |
| 3 | | |

**Attempt/Committed Status**

| Check Only One for each offense | | | Alcohol Yes No Unknown | | | | Drugs Yes No Unknown | | | | Computer Yes No Unknown | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ☐ Attempted | ☒ Committed | 1 | ☐ | ☐ | ☒ | 1 | ☒ | ☐ | ☐ | 1 | ☐ | ☒ | ☐ |
| 2 | ☐ Attempted | ☒ Committed | 2 | ☐ | ☐ | ☒ | 2 | ☒ | ☐ | ☐ | 2 | ☐ | ☒ | ☐ |
| 3 | ☐ Attempted | ☐ Committed | 3 | ☐ | ☐ | ☐ | 3 | ☐ | ☐ | ☐ | 3 | ☐ | ☐ | ☐ |

| LOCATION / SCENE | |
|---|---|
| 1 | Residence Home |
| 2 | Residence Home |
| 3 | |

| BURGLARY - Method of Entry | WEAPON |
|---|---|
| 1 | 1 |
| 2 | 2 |
| 3 | 3 |

| VICTIM # 1: (Last, First, Middle) **Government** | Age | DOB | Sex |
|---|---|---|---|
| **GUAM POLICE DEPARTMENT,** | | | |

Address (Street, City, State, Zip)  Race -

**233 CENTRAL AVE**
**Barrigada        GU    96913-**

☐ APB Broadcast

Primary Phone: **(671)472-8911**  Other Phone: **(671)475-8615**

Victim Injuries

| ☐ Apparent Broken Bones | ☐ Bruising-Swelling | ☐ Complaint of Pain | ☐ Fatal | ☐ Other Major Injuries |
|---|---|---|---|---|
| ☐ Possible Internal Injuries | ☐ Severe Lacerations | ☐ Severed Limbs | ☐ Unconsciousness | ☐ Cuts and Abrasions ☐ None |

| VICTIM # 2: (Last, First, Middle) | Age | DOB | Sex |
|---|---|---|---|
| | | | |

Address (Street, City, State, Zip)  Race -

☐ APB Broadcast

Primary Phone  Other Phone

Victim Injuries

| ☐ Apparent Broken Bones | ☐ Bruising-Swelling | ☐ Complaint of Pain | ☐ Fatal | ☐ Other Major Injuries |
|---|---|---|---|---|
| ☐ Possible Internal Injuries | ☐ Severe Lacerations | ☐ Severed Limbs | ☐ Unconsciousness | ☐ Cuts and Abrasions ☐ None |

| VICTIM # 3: (Last, First, Middle) | Age | DOB | Sex |
|---|---|---|---|
| | | | |

Address (Street, City, State, Zip)  Race -

☐ APB Broadcast

Primary Phone  Other Phone

Victim Injuries

| ☐ Apparent Broken Bones | ☐ Bruising-Swelling | ☐ Complaint of Pain | ☐ Fatal | ☐ Other Major Injuries |
|---|---|---|---|---|
| ☐ Possible Internal Injuries | ☐ Severe Lacerations | ☐ Severed Limbs | ☐ Unconsciousness | ☐ Cuts and Abrasions ☐ None |

O F F E N S E

V I C T I M  /  M I S S I N G

# GUAM POLICE DEPARTMENT - CASE REPORT SUPPLEMENT

CASE#: **2007-00011046**

## SUSPECT

| SUSPECT #1: (Last, First, Middle) **Suspect** | | | | | Age | DOB | Sex |
|---|---|---|---|---|---|---|---|
| **DUENAS,RAY** | | | | | 33 | 03/12/1974 | **Female** |
| Address (Street, City, State, Zip) | | | | Race - | Chamoru | ☐ APB Broadcast | |
| Lot 10141-1-4-3 Dededo GU | | | | | Primary Phone | Other Phone | |

| Hair | Eye | Weight | Height | Ethnicity | Driver License # | Social Security # |
|---|---|---|---|---|---|---|
| **Black** | **BRO** | **190** | **5'8"** | **Guamanian** | | **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** |

| SUSPECT #2: (Last, First, Middle) | | | | | Age | DOB | Sex |
|---|---|---|---|---|---|---|---|
| Address (Street, City, State, Zip) | | | | Race - | | ☐ APB Broadcast | |
| | | | | | Primary Phone | Other Phone | |

| Hair | Eye | Weight | Height | Ethnicity | Driver License # | Social Security # |
|---|---|---|---|---|---|---|

| SUSPECT #3: (Last, First, Middle) | | | | | Age | DOB | Sex |
|---|---|---|---|---|---|---|---|
| Address (Street, City, State, Zip) | | | | Race - | | ☐ APB Broadcast | |
| | | | | | Primary Phone | Other Phone | |

| Hair | Eye | Weight | Height | Ethnicity | Driver License # | Social Security # |
|---|---|---|---|---|---|---|

## SUSPECT VEHICLE

| SUSPECT VEHICLE #1: Reported Date: | | | Time: | | | | ☐ APB Broadcast |
|---|---|---|---|---|---|---|---|
| Vehicle Year | Type | | Make | | Model | | VIN |
| | Color Top | | Color Bottom | | | Plate/Reg.# | Plate State |
| Marks/Features/Damage: | | | | | | | |

| SUSPECT VEHICLE #2: Reported Date: | | | Time: | | | | ☐ APB Broadcast |
|---|---|---|---|---|---|---|---|
| Vehicle Year | Type | | Make | | Model | | VIN |
| | Color Top | | Color Bottom | | | Plate/Reg.# | Plate State |
| Marks/Features/Damage: | | | | | | | |

## WITNESS / OTHER

| WITNESS / OTHER SUBJECT #1: (Last, First, Middle) **Other** | | | Age | DOB | Sex |
|---|---|---|---|---|---|
| **SMITH,FRANKIE E** | | | | | |
| Address (Street, City, State, Zip) | | Race - | Primary Phone | Other Phone | |
| 233 CENTRAL AVE Barrigada GU 96913- | | | (671)649-6330 | (671)472-8911 | |

| WITNESS / OTHER SUBJECT #2: (Last, First, Middle) **Other** | | | Age | DOB | Sex |
|---|---|---|---|---|---|
| **SAN NICOLAS, JOHN E** | | | | | |
| Address (Street, City, State, Zip) | | Race - | Primary Phone | Other Phone | |

| WITNESS / OTHER SUBJECT = 3: (Last, First, Middle) | | | Age | DOB | Sex |
|---|---|---|---|---|---|
| Address (Street, City, State, Zip) | | Race - | Primary Phone | Other Phone | |

GPD Form 6 (Revised: Mar 2006)                    Page 2

# GUAM POLICE DEPARTMENT - CASE REPORT SUPPLEMENT

CASE#: **2007-00011046**

## PROPERTY - VEHICLE

**PROPERTY - VEHICLE # 1** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered — ☐ APB Broadcast

| Vehicle Year | Type | Make | Model | VIN |
|---|---|---|---|---|
| | | | | |

| Color Top | Color Bottom | Style | Plate/Reg # | Plate State |
|---|---|---|---|---|
| | | | | |

Other Identifying Characteristics: ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Date Recovered | Recovered Value | Recovered Location | Recovery Code |
|---|---|---|---|
| | | | |

☐ Recovered for Other Jurisdiction

**PROPERTY - VEHICLE # 2** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered — ☐ APB Broadcast

| Vehicle Year | Type | Make | Model | VIN |
|---|---|---|---|---|
| | | | | |

| Color Top | Color Bottom | Style | Plate/Reg # | Plate State |
|---|---|---|---|---|
| | | | | |

Other Identifying Characteristics: ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Date Recovered | Recovered Value | Recovered Location | Recovery Code |
|---|---|---|---|
| | | | |

☐ Recovered for Other Jurisdiction

## PROPERTY - GENERAL

### Electronics

| TYPE | QTY | Property - Include: Make Model, Size, Type Serial #, Etc. | Color |
|---|---|---|---|

**#1** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered ☐ Burned ☐ Counterfeit ☐ Damaged ☒ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Serial | Make | Other Identifying Characteristics: |
|---|---|---|
| Value | | **1 EA. MEMOREX CD-RW MARKED AS EX. N-1.** |

**#2** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Serial | Make | Other Identifying Characteristics: |
|---|---|---|
| Value | | |

**#3** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Serial | Make | Other Identifying Characteristics: |
|---|---|---|
| Value | | |

**#4** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Serial | Make | Other Identifying Characteristics: |
|---|---|---|
| Value | | |

**#5** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Serial | Make | Other Identifying Characteristics: |
|---|---|---|
| Value | | |

**#6** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Serial | Make | Other Identifying Characteristics: |
|---|---|---|
| Value | | |

## PROPERTY - GUN

**#1** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Serial | Make | Other Identifying Characteristics: |
|---|---|---|
| Value | Model | |

**#2** ☐ Stolen ☐ Recovered ☐ Stolen and Recovered ☐ Burned ☐ Counterfeit ☐ Damaged ☐ Evidence/Seized ☐ Found ☐ Lost/Mislaid ☐ Safekeeping

| Serial | Make | Other Identifying Characteristics: |
|---|---|---|
| | | |

Synopsis:

On April 17, 2007, Tumon-Tamuning Precinct Uniform Crimes Suppression team along with Guam Police Department's Criminal Investigation Section conducted a "Controlled Meet" utilizing a Source of Information against suspect(s) Ray DUENAS and Lou-LNU on Route 28, Dededo, Guam. As a result of the operation led to the seizure of suspected methamphetamine (commonly known as ice) and the recording the conversation between the SOI and suspect(s).

Details:

1. Reference is made to all reports of investigation under the Guam Police case number 2007-11046, Confiscated Contraband.

2. On April 17, 2007, at about 7:30 p.m., while at Tumon Precinct Command, Ofcr. Frankie E. Smith made contact with the Source of Information (hereafter refer to as SOI) regarding an arrangement to meet with suspect(s) DUENAS and Lou-LNU at their residence on Lot 10141-1-4-3 Route 28, Dededo. SOI agreed to cooperate and proceeded to the designated meeting area.

3. At about 8:00 p.m., Ofcr. Smith conducted briefing with members of the Uniform Crimes Suppression Team and Guam Police Department's Criminal Investigation Section regarding a Controlled Meet operation. The SOI will attempt to make conversation with DUENAS and or Lou-LNU regarding stolen property at DUENAS's residence. Ofcr. Frankie E. Smith was tasked to equip the SOI with a recording device and seize the audio recording as evidence. Refer to attached operational plan for details of assignments. All units proceeded to their respective assignments.

4. At about 9:00 p.m., all participating sections arrived at the predetermined location for final instructions. A controlled (unrecorded) phone call was made to DUENAS's i-Connect radio phone which Lou-LNU answered. According to the conversation, which Ofcrs. Smith and John E. San Nicolas witnessed, Lou and DUENAS were not at the residence and were in the Tamuning area, but she would call the SOI back upon their arrival to their residence (Route 28, Dededo). All units were on standby pending second call.

5. At about 10:00 p.m., the SOI conducted a second ( unrecorded) phone call, again witnessed by Ofcrs. Smith and San Nicolas, was made which Lou answered the i-Connect radio phone. According to the brief conversation, the SOI was allowed to proceed to the residence. All units proceeded to their respective assignments.

6. Refer to Ofcr. Luke S. Ishizaki's supplement report for details of search of vehicle and SOI for any contraband and or weapons ( before and after operation).

7. At about 10:10 p.m., Ofcr. Smith equipped and activated the recording device worn by the SOI and escorted the SOI to DUENAS's residence.

8. At about 10:15 p.m., the SOI pulled into a dirt road with a sign displaying "DUENAS" on the roadway on Route 28, Dededo.

9. A few minutes later, Ofcr. Smith made contact with the SOI, via cellular phone, and confirmed that the SOI was leaving the residence with suspected "ice" in his possession. Ofcrs. Smith and San Nicolas observed the SOI leaving the dirt road and escorted same to the post-determined location for debriefing.

10. At about 10:53 p.m., Ofcr. Smith met with the SOI and deactivated the recording device and conducted a field briefing of same. The SOI stated briefly stated the following:

- He/she arrived at the residence and noticed approximately nine (9) vehicles parked in front of the residence.

- he/she was approached by a male individual who made small conversation.

- he/she went inside the room and met with Lou-LNU.

- he/she asked if he/she could get a ".5" which Lou provided.

| REPORTING OFFICER SIGNATURE / ID | SECOND OFFICER SIGNATURE / ID | APPROVING SUPERVISOR SIGNATURE / ID |
|---|---|---|
| 585<br>Smith<br>Frankle | | 150<br>Wade<br>Scott |

GPD Form 6 (Revised: Mar 2006)   Page 4 (continuation pages may follow)

# Exhibit

# B



**U.S. Department of Justice**

*United States Attorney*
*District of Guam*

---

*Sirena Plaza, Suite 500*      *(671) 472-7332*
*108 Hernan Cortez Avenue*     *FAX: (671) 472-7334*
*Hagatna, Guam 96910*

May 14, 2007

John T. Gorman
Federal Public Defender
400 Route 8
Maite, Guam 96910

<u>Re: United States v. Raymond Duenas, Cr. No. 07-00039</u>

Dear John,

I am enclosing the discovery on this case, and a plea agreement. There are a quantity of GPD reports relating to the seizure of stolen goods which I have not included, as being irrelevant to our offenses. So, inclosed is the following:

1) Report of Officer Frankie Smith re the 2/17/07 purchase of ice which led to the search warrant;

2) The search warrant, return and amended return. Included as part of the return are all the property receipts concerning the items seized.

3) Reports by Gilbert Mondia, Jerry Santos, Christopher DeSoto, J.V. DeChavez, B.A.C. Santos, J.P.B. Aguon, and F.R. Santos concerning execution of the search warrant;

4) Color photos of some of the guns and drugs seized;

5) Report by TFO A.R. Pierce concerning seizure of the drug ledgers, scales, paraphernalia, etc.;

6) Report concerning the arrest and interview of Lourdes Duenas;

7) Report concerning the jewelry seized from Lourdes Duenas;

John Gorman
May 14, 2007
Page 2


      8) Report concerning the arrest and interview of Ray Duenas;

      9) Rap sheets of Raymond Duenas, Lourdes Duenas, and certified copies of Raymond
Duenas' two prior convictions.

      I also received two discs containing recordings of the two consensually monitored
telephone calls which GPD made prior to seeking a search warrant, and can have copies made if
you so desire.

      I'm including a plea agreement which, in effect, gives your client nothing except the
opportunity to avoid a life sentence.

                Very truly yours,

                LEONARDO M. RAPADAS
                United States Attorney
                Districts of Guam and NMI

By:                                        
                KARON V. JOHNSON
                Assistant United States Attorney

# Exhibit

# C

*[handwritten: UEmmanuel 4/24/07 USAO]*

John T. Gorman
Federal Public Defender

Telephone: (671) 472-7111
Facsimile: (671) 472-7120

April 23, 2007

Karon V. Johnson
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

RE    <u>**UNITED STATES v. RAYMOND IGNACIO DUENAS, JR.**</u>
        <u>**CR 07-00039**</u>

Dear Karon V. Johnson:

My client's initial appearance was held on April 23, 2007. In order to expedite disposition of this case, or adequately prepare for motions and trial, as the case may be, the government is requested to provide the following discovery at its earliest convenience.

1.    Notice under Fed. R. Crim. P. 12(d)(2) of your intention to use in your case-in-chief at trial any evidence which the defendant may be entitled to discover under Fed. R. Crim. P. 16.

2.    All materials mandated by Fed. R. Crim. P. 16 and by Local Rule 320-1(a), including but not limited to:

    a)    The defendant's written or recorded statements;

    b)    The defendant's prior criminal record;

    c)    Photographs, books, papers, documents and objects, etc., which are material to the preparation of the defense;

    d)    Photographs, books, papers, documents, objects, etc., which belong to the defendant;

    e)    Photographs, books, papers, documents, objects, etc., which were obtained from the defendant;

    f)    Photographs, books, papers, documents, objects, etc., which you intend to use in your case-in-chief;

g)   All reports of examinations, tests, and experiments;

h)   Photographs used in any line-up, show-up, or photo spread; and information regarding any identification proceeding;

i)   All search warrants and supporting affidavits connected to this case; and

j)   Any evidence that the defendant was the subject of eavesdropping, wiretapping or any other interception of communications.

3.   The conclusions and findings of any expert witness you intend to call, whether or not he has prepared a written report. United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to defense to check conclusions and findings of experts").

4.   The description of any prior conviction of the defendant, any "prior similar act" or any other evidence covered by Fed. R. Evid. 609 or 404(b) that you would seek to introduce at trial and the theory of its admission. United States v. Foskey, 636 F.2d 517, 526 n. 8 (D.C. Cir. 1980) (government should give adequate notice of 404(b) evidence).

5.   All written or recorded statements of the defendant or of any co-defendant, to whomever and whenever made, and the substance of any oral statement, if not embodied in writing. If the statements are recorded, please provide a transcript and audible copy of each recording. United States v. Bailleux, 685 F.2d 1105, 1114 (9th Cir. 1982) ("government should disclose any statement made by the defendant") (emphasis added).

6.   All agents' rough notes of all statements referred to in item 5 above. United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agent's original interview notes, especially with the accused, are potentially discoverable under the Jencks Act and must be preserved).

7.   The arrest and conviction record of each prospective government witness including the docket number and jurisdiction of all pending cases. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed), cert. denied, 489 U.S. 1032 (1989); Perkins v. Lefevre, 691

F.2d 616 (2d Cir. 1982) (reversible error to fail to disclose "rap sheet"); <u>United States v. Auten</u>, 632 F.2d 478, 481-82 (5th Cir. 1980) (criminal record of witness must be disclosed).

The disclosure of the criminal records should be well in advance of trial so that the defense will have time to obtain the necessary copies of conviction and docket sheets. <u>Cf.</u> <u>Lewis v. Lane</u>, 832 F.2d 1446, 1458-59 (7th Cir. 1987) (defense counsel found incompetent in relying on FBI's rap sheet and client's own recollection to verify records), <u>cert.</u> <u>denied</u>, 488 U.S. 829 (1988).

8.  A copy of any federal or state probation or pre-sentence report of any prospective witness. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197, 1201 (9th Cir. 1988), <u>cert.</u> <u>denied</u>, 489 U.S. 1032 (1989).

9.  The oral and written results of any polygraph test administered to any witness. <u>Carter v. Rafferty</u>, 826 F.2d 1299, 1306-09 (3d Cir. 1987), <u>cert.</u> <u>denied</u>, 484 U.S. 1011 (1988); <u>United States v. Lynn</u>, 856 F.2d 430, 432-33 (1st Cir. 1989) (reversible error not to allow cross-examination about "inclusive polygraph results").

10. Any express or <u>implicit</u> promise, understanding, offer of immunity or of past, present, or future compensation, or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax liability. <u>United States v. Shaffer</u>, 789 F.2d 682, 689 (9th Cir. 1986) (<u>all</u> benefits and promises, including tax benefits); <u>Wood v. United States</u>, 863 F.2d 417 (5th Cir. 1989) (proceeds from drug smuggling taxable gross income earnings if later forfeited to government); <u>United States v. Luc Lavasseur</u>, 826 F.2d 158 (1st Cir. 1987) (government required to disclose <u>pre-trial</u> all promises and inducements); <u>United States v. Risken</u>, 788 F.2d 1361, 1375 (8th Cir.) (implied contingent fees), <u>cert.</u> <u>denied.</u> 479 U.S. 923 (1986).

11. Any discussion with a prospective witness about, or <u>advice</u> concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice was not followed. <u>Brown v. Dugger</u>, 831 F.2d 1547, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); <u>Haber v. Wainwright</u>, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government must disclose its "advice" to witness regarding possible prosecution for crimes).

12.  Any evidence that any prospective government witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425, 428 (2d Cir.) (government is under affirmative duty to disclose fact that government witness is under investigation), <u>cert. denied</u>, 474 U.S. 945 (1985).

13.  Any evidence that any prospective government witness has ever made any false statement to the authorities whether or not, under oath or under penalty of perjury, or that any witness does not have a good reputation in the community for honesty. <u>See United States v. Strifler</u>, 851 F.2d 1197, 1202 (9th Cir. 1988) (evidence that witness previously lied to authorities must be disclosed), <u>cert. denied</u>, 489 U.S. 1032 (1989).

14.  Any evidence that any prospective witness has made a contradictory or inconsistent statement with regard to this case. <u>McDowell v. Dixon</u>, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error not to disclose victim's prior inconsistent statement to police that attacker was white not black), <u>cert. denied</u>, 489 U.S. 1033 (1989); <u>United States v. Hibler</u>, 463 F.2d 455, 460 (9th Cir. 1972) (reversible error not to disclose statement of police officer casting doubt on the story of the witness); <u>Hudson v. Blackburn</u>, 601 F.2d 785, 789 (5th Cir. 1979) (duty to disclose police officer's evidence refuting witness's statement that he identified defendant at lineup), <u>cert. denied</u>, 444 U.S. 1086 (1980); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed).

15.  Any evidence that the testimony of any prospective witness is inconsistent with any statement of any other person or prospective witness. <u>Hudson v. Blackburn</u>, 601 F.2d 785, 789 (5th Cir. 1979); <u>Hibler</u>, <u>supra</u>.

16.  Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his testimony. <u>United States v. Strifler</u>, 851 F.2d 1197, 1202 (9th Cir. 1988) (government must disclose probation file of witness showing tendency to lie or "over-compensate" because motive to inform is discoverable), <u>cert. denied</u>, 489 U.S. 1032 (1989).

17.  Any evidence that any prospective government witness has engaged in any criminal act or other bad acts or misconduct whether or not resulting in a conviction. <u>See</u> Fed. R. Evid. 608(b); <u>United States v. Boffa</u>, 513 F. Supp. 444, 500 (D. Del. 1980) (prior bad acts ordered disclosed).

18. Any evidence that any prospective witness has ever engaged in any activity involving deceit, fraud, or false statements whether or not the activity resulted in an arrest or conviction. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (false statements to authorities), cert. denied, 489 U.S. 1032 (1989); Fed. R. Evid. 608(b).

19. Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing the events that gave rise to his testimony. See United States v. Butler, 481 F.2d 531, 534-35 (D.C. Cir. 1973) (narcotics use impairs memory, judgment and credibility).

20. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) (probation file of government witness must be disclosed as part of criminal record), cert. denied, 489 U.S. 1032 (1989); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980) (government must produce psychiatric or other reports reflecting on the competency or credibility of a government witness); United States v. Butler, supra, 481 F.2d at 534-35 (narcotics use impairs memory, judgment and credibility).

21. Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. Miller v. Angliker, 848 F.2d 1312, 1321-23 (2d Cir. 1988) (reversible error not to disclose evidence that person other than defendant committed murders), cert. denied, 488 U.S. 890 (1988); Bowen v. Maynard, 799 F.2d 593, 613 (10th Cir.) (reversible error not to disclose existence of suspect who resembled defendant), cert. denied, 479 U.S. 962 (1986); James v. Jago, 575 F.2d 1164, 1168 (6th Cir.) (error not to disclose statement of witness not mentioning defendant), cert. denied, 439 U.S. 883 (1978); Sellers v. Estelle, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to disclose police reports indicating guilt of another, reversible error), cert. denied, 455 U.S. 927 (1982).

22. All prospective government witnesses' personnel files. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) (failure to disclose personnel files of government witnesses that contain impeachment material is reversible error).

23. The prior record, promised immunities, and any other evidence affecting the issues of bias or credibility of all prospective government witnesses. See <u>United States v. Auten</u>, 632 F.2d 478 (5th Cir. 1980) (informant's criminal records discoverable); <u>Giglio v. United States</u>, 405 U.S. 150 (1972) (all promises of consideration given to witness discoverable); <u>United States v. Lindstrom</u>, 698 F.2d 1154 (11th Cir. 1983) (evidence of psychiatric treatment discoverable); <u>United States v. Mayer</u>, 556 F.2d 245 (5th Cir. 1977) (identification of informant's prior testimony discoverable); <u>United States v. Fowler</u>, 465 F.2d 664 (D.C. Cir. 1972) (evidence of informant's narcotic habit discoverable).

    The inherent unreliability of the testimony of an accomplice underscores a need for a complete disclosure of information relating to credibility. See <u>United States v. Caldwell</u>, 466 F.2d 611 (9th Cir. 1972). Failure to disclose impeachment evidence requires a new trial if undisclosed evidence was "material" such that the disclosure would, within "reasonable probability," affect the result of the proceeding. <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

24. The name and last known address of each prospective government witness. See <u>United States v. Tucker</u>, 716 F.2d 576, 583 (9th Cir. 1983) (failure to interview government witnesses by defense is ineffective assistance of counsel); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to government witnesses), <u>cert</u>. <u>denied</u>, 444 U.S. 1034 (1980); <u>United States v. Armstrong</u>, 621 F.2d 951, 955 (9th Cir. 1980) (court has discretion to order disclosure of names of witnesses); <u>United States v. Napue</u>, 834 F.2d 1311, 1318 (7th Cir. 1987) (court has discretion to require government to provide defendant with a list of government witnesses); <u>United States v. Shoher</u>, 555 F. Supp. 346, 353-54 (S.D.N.Y. 1983) (names and addresses of witnesses ordered disclosed).

25. The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453, 1469 (9th Cir. 1984) (names of percipient witnesses not called by government must be disclosed).

26. The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged, and the content of any favorable statement. <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statement of witness must be disclosed); <u>James v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.) (statement of eyewitness to crime which did not mention defendant must be disclosed), <u>cert</u>. <u>denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979) (duty to disclose police officer's testimony contradicting witness's identification of defendant), <u>cert</u>. <u>denied</u>, 444 U.S. 1086 (1980); <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968) (prosecution must disclose statement of

witness casting doubt on defendant's identity).

27.     Any evidence, including any statement by any person, tending to exculpate the defendant in whole or in part. <u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995), <u>United States v. Weintraub</u>, 871 F.2d 1257, 1264 (5th Cir. 1989); <u>United States v. Srulowitz</u>, 785 F.2d 382, 388-90 (2nd Cir. 1986).

28.     All prior written, recorded, or oral statements of each prospective witness relating to this case to whomever made.

29.     All notes or any other writings or documents, used by the witness before the grand jury. <u>United States v. Wallace</u>, 848 F.2d 1464, 1470 (9th Cir. 1988).

30.     Agents' or prosecutor's notes of interviews with prospective government witnesses. <u>See</u> <u>Goldberg v. United States</u>, 425 U.S. 94 (1976).

31.     A transcript of the grand jury testimony of each prospective witness, and of all remarks addressed to the grand jury by the prosecutor. In addition, in order that the defense may prepare appropriate motions, if necessary, please state whether:

    a)      An informer was in any way connected in this case.

    b)      Any searches of persons or places occurred during any phase of this case. If so, please provide the date and location of the search and a list of the items seized.

        It is also requested that you make specific inquiry of each government agent connected to the case for each of the above items. <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir.) (prosecutor will be deemed to have knowledge or any access to anything in possession, custody or control of any federal agency participating in the same investigation), <u>cert</u>. <u>denied</u>, 110 S. Ct. 167 (1989); <u>United States v. Butler</u>, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor responsible for promise made by agent to witness even if prosecutor did not know); <u>United States v. Bailleux</u>, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of FBI is deemed to be in custody of United States attorney); <u>United States v. Auten</u>, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed to be in possession of the prosecution); <u>United States v. Jackson</u>, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986) (FBI's knowledge is attributable to prosecutor); <u>Martinez v. Wainwright</u>, 621 F.2d 184, 186 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution).

        If you decline to disclose any of the above items, or if you have doubts as to the propriety of disclosure, please submit the questioned material to the court for its review. <u>United States v. Lehman</u>, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); <u>United States v. Cadet</u>, 727 F.2d 1453, 1470 (9th Cir. 1984). The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting your duty to disclose favorable evidence. <u>United</u>

States v. McClintock, 748 F.2d 1278, 1285 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985). Therefore, any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." United States v. Ramirez, 608 F.2d 1261, 1265 n.6 (9th Cir. 1979).

Finally, please consider this request to be for continuing discovery of the above-mentioned items pursuant to Fed. R. Crim. P. 16(c).

All items should be disclosed one week from the arraignment date, the date set by Local Rule and well before trial. United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987); United States v. Bailey, 689 F. Supp. 1463, 1472 (N.D. Ill. 1987) (exculpatory evidence ordered produced "immediately").

Thank you in advance for your prompt attention to this matter.

Sincerely,

JOHN T. GORMAN
Federal Public Defender
District of Guam

# Exhibit
# D

John T. Gorman
Federal Public Defender

Telephone: (671) 472-7111
Facsimile: (671) 472-7120

May 2, 2007

**US Attorney's Office**
**Districts of Guam & NMI**

MAY 03 2007

Time 10:16
Received and: JEmmanuel
Date keyed in Obase
Entered into Obase by:

Karon V. Johnson
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam  96910

RE    **UNITED STATES v. RAYMOND IGNACIO DUENAS, JR.**
       **CR 07-00039**

Dear Karon V. Johnson:

My client's initial appearance was held on April 30, 2007. In order to expedite disposition of this case, or adequately prepare for motions and trial, as the case may be, the government is requested to provide the following discovery at its earliest convenience. **Please note this is our second request and follow-up to our letter of April 23, 2007.**

1.    Notice under Fed. R. Crim. P. 12(d)(2) of your intention to use in your case-in-chief at trial any evidence which the defendant may be entitled to discover under Fed. R. Crim. P. 16.

2.    All materials mandated by Fed. R. Crim. P. 16 and by Local Rule 320-1(a), including but not limited to:

    a)    The defendant's written or recorded statements;

    b)    The defendant's prior criminal record;

    c)    Photographs, books, papers, documents and objects, etc., which are material to the preparation of the defense;

    d)    Photographs, books, papers, documents, objects, etc., which belong to the defendant;

    e)    Photographs, books, papers, documents, objects, etc., which were obtained from the defendant;

    f)    Photographs, books, papers, documents, objects, etc., which you intend to use in your case-in-chief;

g)    All reports of examinations, tests, and experiments;

h)    Photographs used in any line-up, show-up, or photo spread; and information
      regarding any identification proceeding;

i)    All search warrants and supporting affidavits connected to this case; and

j)    Any evidence that the defendant was the subject of eavesdropping,
      wiretapping or any other interception of communications.

3.    The conclusions and findings of any expert witness you intend to call, whether or
      not he has prepared a written report. United States v. Barrett, 703 F.2d 1076, 1081
      (9th Cir. 1983) ("fairness requires that adequate notice be given to defense to check
      conclusions and findings of experts").

4.    The description of any prior conviction of the defendant, any "prior similar act" or
      any other evidence covered by Fed. R. Evid. 609 or 404(b) that you would seek to
      introduce at trial and the theory of its admission. United States v. Foskey, 636 F.2d
      517, 526 n. 8 (D.C. Cir. 1980) (government should give adequate notice of 404(b)
      evidence).

5.    All written or recorded statements of the defendant or of any co-defendant, to
      whomever and whenever made, and the substance of any oral statement, if not
      embodied in writing. If the statements are recorded, please provide a transcript and
      audible copy of each recording. United States v. Bailleux, 685 F.2d 1105, 1114
      (9th Cir. 1982) ("government should disclose any statement made by the
      defendant") (emphasis added).

6.    All agents' rough notes of all statements referred to in item 5 above. United States
      v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agent's original interview notes,
      especially with the accused, are potentially discoverable under the Jencks Act and
      must be preserved).

7.    The arrest and conviction record of each prospective government witness including
      the docket number and jurisdiction of all pending cases. United States v. Strifler,
      851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be
      disclosed), cert. denied, 489 U.S. 1032 (1989); Perkins v. Lefevre, 691

F.2d 616 (2d Cir. 1982) (reversible error to fail to disclose "rap sheet"); United States v. Auten, 632 F.2d 478, 481-82 (5th Cir. 1980) (criminal record of witness must be disclosed).

The disclosure of the criminal records should be well in advance of trial so that the defense will have time to obtain the necessary copies of conviction and docket sheets. Cf. Lewis v. Lane, 832 F.2d 1446, 1458-59 (7th Cir. 1987) (defense counsel found incompetent in relying on FBI's rap sheet and client's own recollection to verify records), cert. denied, 488 U.S. 829 (1988).

8.   A copy of any federal or state probation or pre-sentence report of any prospective witness. See United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

9.   The oral and written results of any polygraph test administered to any witness. Carter v. Rafferty, 826 F.2d 1299, 1306-09 (3d Cir. 1987), cert. denied, 484 U.S. 1011 (1988); United States v. Lynn, 856 F.2d 430, 432-33 (1st Cir. 1989) (reversible error not to allow cross-examination about "inclusive polygraph results").

10.   Any express or implicit promise, understanding, offer of immunity or of past, present, or future compensation, or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax liability. United States v. Shaffer, 789 F.2d 682, 689 (9th Cir. 1986) (all benefits and promises, including tax benefits); Wood v. United States, 863 F.2d 417 (5th Cir. 1989) (proceeds from drug smuggling taxable gross income earnings if later forfeited to government); United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987) (government required to disclose pre-trial all promises and inducements); United States v. Risken, 788 F.2d 1361, 1375 (8th Cir.) (implied contingent fees), cert. denied. 479 U.S. 923 (1986).

11.   Any discussion with a prospective witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice was not followed. Brown v. Dugger, 831 F.2d 1547, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government must disclose its "advice" to witness regarding possible prosecution for crimes).

12. Any evidence that any prospective government witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425, 428 (2d Cir.) (government is under affirmative duty to disclose fact that government witness is under investigation), <u>cert. denied</u>, 474 U.S. 945 (1985).

13. Any evidence that any prospective government witness has ever made any false statement to the authorities whether or not, under oath or under penalty of perjury, or that any witness does not have a good reputation in the community for honesty. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197, 1202 (9th Cir. 1988) (evidence that witness previously lied to authorities must be disclosed), <u>cert. denied</u>, 489 U.S. 1032 (1989).

14. Any evidence that any prospective witness has made a contradictory or inconsistent statement with regard to this case. <u>McDowell v. Dixon</u>, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error not to disclose victim's prior inconsistent statement to police that attacker was white not black), <u>cert. denied</u>, 489 U.S. 1033 (1989); <u>United States v. Hibler</u>, 463 F.2d 455, 460 (9th Cir. 1972) (reversible error not to disclose statement of police officer casting doubt on the story of the witness); <u>Hudson v. Blackburn</u>, 601 F.2d 785, 789 (5th Cir. 1979) (duty to disclose police officer's evidence refuting witness's statement that he identified defendant at lineup), <u>cert. denied</u>, 444 U.S. 1086 (1980); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed).

15. Any evidence that the testimony of any prospective witness is inconsistent with any statement of any other person or prospective witness. <u>Hudson v. Blackburn</u>, 601 F.2d 785, 789 (5th Cir. 1979); <u>Hibler</u>, <u>supra</u>.

16. Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his testimony. <u>United States v. Strifler</u>, 851 F.2d 1197, 1202 (9th Cir. 1988) (government must disclose probation file of witness showing tendency to lie or "over-compensate" because motive to inform is discoverable), <u>cert. denied</u>, 489 U.S. 1032 (1989).

17. Any evidence that any prospective government witness has engaged in any criminal act or other bad acts or misconduct whether or not resulting in a conviction. <u>See</u> Fed. R. Evid. 608(b); <u>United States v. Boffa</u>, 513 F. Supp. 444, 500 (D. Del. 1980) (prior bad acts ordered disclosed).

18.    Any evidence that any prospective witness has ever engaged in any activity involving deceit, fraud, or false statements whether or not the activity resulted in an arrest or conviction. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (false statements to authorities), cert. denied, 489 U.S. 1032 (1989); Fed. R. Evid. 608(b).

19.    Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing the events that gave rise to his testimony. See United States v. Butler, 481 F.2d 531, 534-35 (D.C. Cir. 1973) (narcotics use impairs memory, judgment and credibility).

20.    Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) (probation file of government witness must be disclosed as part of criminal record), cert. denied, 489 U.S. 1032 (1989); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980) (government must produce psychiatric or other reports reflecting on the competency or credibility of a government witness); United States v. Butler, supra, 481 F.2d at 534-35 (narcotics use impairs memory, judgment and credibility).

21.    Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. Miller v. Angliker, 848 F.2d 1312, 1321-23 (2d Cir. 1988) (reversible error not to disclose evidence that person other than defendant committed murders), cert. denied, 488 U.S. 890 (1988); Bowen v. Maynard, 799 F.2d 593, 613 (10th Cir.) (reversible error not to disclose existence of suspect who resembled defendant), cert. denied, 479 U.S. 962 (1986); James v. Jago, 575 F.2d 1164, 1168 (6th Cir.) (error not to disclose statement of witness not mentioning defendant), cert. denied, 439 U.S. 883 (1978); Sellers v. Estelle, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to disclose police reports indicating guilt of another, reversible error), cert. denied, 455 U.S. 927 (1982).

22.    All prospective government witnesses' personnel files. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) (failure to disclose personnel files of government witnesses that contain impeachment material is reversible error).

23. The prior record, promised immunities, and any other evidence affecting the issues of bias or credibility of all prospective government witnesses. See United States v. Auten, 632 F.2d 478 (5th Cir. 1980) (informant's criminal records discoverable); Giglio v. United States, 405 U.S. 150 (1972) (all promises of consideration given to witness discoverable); United States v. Lindstrom, 698 F.2d 1154 (11th Cir. 1983) (evidence of psychiatric treatment discoverable); United States v. Mayer, 556 F.2d 245 (5th Cir. 1977) (identification of informant's prior testimony discoverable); United States v. Fowler, 465 F.2d 664 (D.C. Cir. 1972) (evidence of informant's narcotic habit discoverable).

    The inherent unreliability of the testimony of an accomplice underscores a need for a complete disclosure of information relating to credibility. See United States v. Caldwell, 466 F.2d 611 (9th Cir. 1972). Failure to disclose impeachment evidence requires a new trial if undisclosed evidence was "material" such that the disclosure would, within "reasonable probability," affect the result of the proceeding. United States v. Bagley, 473 U.S. 667, 682 (1985).

24. The name and last known address of each prospective government witness. See United States v. Tucker, 716 F.2d 576, 583 (9th Cir. 1983) (failure to interview government witnesses by defense is ineffective assistance of counsel); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to government witnesses), cert. denied, 444 U.S. 1034 (1980); United States v. Armstrong, 621 F.2d 951, 955 (9th Cir. 1980) (court has discretion to order disclosure of names of witnesses); United States v. Napue, 834 F.2d 1311, 1318 (7th Cir. 1987) (court has discretion to require government to provide defendant with a list of government witnesses); United States v. Shoher, 555 F. Supp. 346, 353-54 (S.D.N.Y. 1983) (names and addresses of witnesses ordered disclosed).

25. The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984) (names of percipient witnesses not called by government must be disclosed).

26. The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged, and the content of any favorable statement. Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statement of witness must be disclosed); James v. Jago, 575 F.2d 1164, 1168 (6th Cir.) (statement of eyewitness to crime which did not mention defendant must be disclosed), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979) (duty to disclose police officer's testimony contradicting witness's identification of defendant), cert. denied, 444 U.S. 1086 (1980); Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968) (prosecution must disclose statement of

witness casting doubt on defendant's identity).

27. Any evidence, including any statement by any person, tending to exculpate the defendant in whole or in part. Kyles v. Whitley, 115 S.Ct. 1555 (1995), United States v. Weintraub, 871 F.2d 1257, 1264 (5th Cir. 1989); United States v. Srulowitz, 785 F.2d 382, 388-90 (2nd Cir. 1986).

28. All prior written, recorded, or oral statements of each prospective witness relating to this case to whomever made.

29. All notes or any other writings or documents, used by the witness before the grand jury. United States v. Wallace, 848 F.2d 1464, 1470 (9th Cir. 1988).

30. Agents' or prosecutor's notes of interviews with prospective government witnesses. See Goldberg v. United States, 425 U.S. 94 (1976).

31. A transcript of the grand jury testimony of each prospective witness, and of all remarks addressed to the grand jury by the prosecutor. In addition, in order that the defense may prepare appropriate motions, if necessary, please state whether:

    a) An informer was in any way connected in this case.

    b) Any searches of persons or places occurred during any phase of this case. If so, please provide the date and location of the search and a list of the items seized.

It is also requested that you make specific inquiry of each government agent connected to the case for each of the above items. United States v. Bryan, 868 F.2d 1032 (9th Cir.) (prosecutor will be deemed to have knowledge or any access to anything in possession, custody or control of any federal agency participating in the same investigation), cert. denied, 110 S. Ct. 167 (1989); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor responsible for promise made by agent to witness even if prosecutor did not know); United States v. Bailleux, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of FBI is deemed to be in custody of United States attorney); United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed to be in possession of the prosecution); United States v. Jackson, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986) (FBI's knowledge is attributable to prosecutor); Martinez v. Wainwright, 621 F.2d 184, 186 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution).

If you decline to disclose any of the above items, or if you have doubts as to the propriety of disclosure, please submit the questioned material to the court for its review. United States v. Lehman, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); United States v. Cadet, 727 F.2d 1453, 1470 (9th Cir. 1984). The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting your duty to disclose favorable evidence. United

Karon V. Johnson
May 2, 2007
Page 8 of 8

States v. McClintock, 748 F.2d 1278, 1285 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985). Therefore, any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." United States v. Ramirez, 608 F.2d 1261, 1265 n.6 (9th Cir. 1979).

Finally, please consider this request to be for continuing discovery of the above-mentioned items pursuant to Fed. R. Crim. P. 16(c).

All items should be disclosed one week from the arraignment date, the date set by Local Rule and well before trial. United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987); United States v. Bailey, 689 F. Supp. 1463, 1472 (N.D. Ill. 1987) (exculpatory evidence ordered produced "immediately").

Thank you in advance for your prompt attention to this matter.

Sincerely,

JOHN T. GORMAN
Federal Public Defender
District of Guam