

ORIGINAL

Duenas.rsp

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM

OCT 1 5 2007

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00039 |
| Plaintiff, ) ) | **GOVERNMENT'S REPLY TO DEFENDANTS' BRIEF FILED OCTOBER 2, 2007** |
| vs. ) ) | |
| RAYMOND IGNACIO DUENAS, JR.., and, ) LOURDES CASTRO DUENAS, ) ) Defendants. ) | |

### I. DISCOVERY

The government has proposed a meeting with counsel to go through the voluminous reports in this matter, to ensure that the defense has all the applicable discovery. This meeting is set for Monday, October 15, at 10:30. The government does not have any recordings of the consensually monitored telephone calls between the informant and the defendants, because no recordings were made. The government does have a CD of the personal meeting between the informant and the defendants on April 18, 2007, during which meeting he purchased ice. The government is willing to play this CD for defense counsel, but objects to giving the defense a copy, because the defendants may recognize the informant's voice.

//

//

## II. IDENTITY OF INFORMANT

Defendant has the burden of showing that the disclosure of the informant's identity would be relevant and helpful to the defense of these charges. Defendant has offered a vague generalization, that the identity of the informant "could prove to provide evidence" at trial or the evidentiary hearing on his motion to suppress. The purchase of ice by this informant was the basis of probable cause for the search warrant, but defendant has not attacked probable cause. This purchase will not be part of the evidence presented at trial. Thus, absent some specific showing, it appears defendant wants the identity of the informant solely for purposes of retribution.

## III. PRESENCE OF MEDIA/VICTIMS AT SEARCH SCENE

Defendant contends the fruits of this search should be suppressed because television crews arrived at some time during the search, and various victims of thefts and burglaries were called to the scene to identify their property. He cites Wilson v. Layne, 526 U.S. 603 (1999) in support of this proposition. But Wilson was a civil matter, brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Wilson held that inviting media representatives on a "ride-along" to execute an arrest warrant, where the presence of the media had no relation to the purpose of the warrant, constituted a violation of the Wilsons' Fourth Amendment rights. The court noted that:

> This is not a case in which the presence of the third parties directly aided in the execution of the warrant. Where the police enter a home under the authority of a warrant to search for stolen property, the presence of third parties for the purpose of identifying the stolen property has long been approved by this Court and our common-law tradition. See, *e.g., Entick v. Carrington*, 19 How. St. Tr. 1029, 1067 (K.B. 1765) ...."

The Court specifically noted at FN2:

> "Even though such actions might violate the Fourth Amendment, if the police are lawfully present, the violation of the Fourth Amendment is the presence of the media and not the presence of the police in the home. We have no occasion here to decide whether the exclusionary rule would apply to any evidence discovered or developed by the media representatives."

- 2 -

This precise issue was raised in <u>United States v. Hendrixson</u>, 234 F.3d 494 (11th Cir. 2000), where numerous defendants were charged with an extensive drug distribution conspiracy. One of the defendants, Stephens, moved to suppress the fruits of a search warrant executed at her residence, because the police were accompanied by a television reporter. Apparently the reporter had arrived after the search was in progress and did not disturb anything in the residence. The district court had denied the motion on the grounds that such conduct did not arise to a Fourth Amendment violation. On appeal, the court cited <u>Wilson</u>, <u>supra</u>, and held that the presence of the reporter, who served no purpose in relation to the execution of the warrant, did constitute a violation of Stephen's Fourth Amendment rights. It then directly addressed the question, "whether exceeding the scope of the warrant by allowing the media to be present in the search requires exclusion of the evidence obtained in the search." <u>Id.</u> at 497. The court quoted <u>United States v. Leon</u>, 468 U.S. 897, 906 (1984), where the Court held that whether "the exclusionary sanction is appropriately imposed in a particular case, our decisions make clear, is an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct."

<u>Hendrixson</u> observed, concerning FN2 of the <u>Wilson</u> opinion, that the "Court was careful to point out that the violation of the Fourth Amendment was the presence of the media in the home, not the presence of the police." <u>Id.</u> at 496. It acknowledged the general rule, that "when a police officer engages in a search outside of the proper scope (whether that scope be defined by a warrant or by circumstances), evidence obtained in that search may be excluded. See <u>Horton v. California</u>, 496 U.S. 128 (1990)." <u>Id.</u> at 497.

> "The common thread in such cases is that the evidence was discovered on account of the police exceeding the scope of a property search.
>
> Only the evidence seized while the police are acting outside of the boundaries of the warrant is subject to suppression." <u>Id.</u>

The court agreed that Stephen's motion to suppress was properly denied, because the mere presence of the media did not expand the scope of the search beyond that allowed by the

warrant. There were alternative means for deterring such conduct, in the form of a <u>Bivens</u> action against federal agents, and a Section 1983 action against state officers.

Defendant has failed to cite any authority which would allow evidence seized by police officers during the execution of a search warrant to be suppressed merely because the media was present during the search. Such suppression would be contrary to the prophylactic purposes of the Exclusionary Rule. Nor does defendant contend that any representatives of the media were engaged in the search, or that their presence resulted in the discovery of any evidence. Hence, defendant's motion should be denied.

RESPECTFULLY SUBMITTED this __15th__ day of October, 20006.

LEONARDO M. RAPADAS  
United States Attorney  
Districts of Guam and the CNMI

By: _____  
KARON V. JOHNSON  
Assistant U.S. Attorney

- 4 -