TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

**FILED**
DISTRICT COURT OF GUAM
NOV 26 2007
JEANNE G. QUINATA
Clerk of Court

*Attorneys for Defendant*

# IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00039 |
| Plaintiff, | ) ) ) | **DEFENDANT RAYMOND IGNACIO DUENAS, JR.'S RESPONSE TO GOVERNMENT'S BRIEF CONCERNING SUPPRESSION OF STATEMENTS BY RAYMOND DUENAS** |
| vs. | ) ) | |
| RAYMOND IGNACIO DUENAS, JR., | ) ) | |
| Defendant. | ) | |

## I.

## FACTS

The Government in a page and a half explains the summary of evidence which led to what they now characterize as two separate criminal investigations: "S.A. Jong's explanation was based upon the way this case had been divided for prosecution; the DEA and ATF intended to adopt the case as it concerns guns and drugs and the Guam Police Department was going to pursue the stolen items." See Government's Brief Concerning Suppression of Statements by Ramond Duenas filed on October 26, 2007 (hereinafter referred to as "Government's October Brief"), Page 2, Lines 2 through 5.

Although an interesting concept, the only real fact this court needs to consider is that when Officer Jong gave Mr. Duenas his Miranda Warnings and confirmed that illegal drugs had been found at his residence, Mr. Duenas immediately stated "I want to talk to an attorney." Special Agent Jong and Special Agent Churchin, realizing the implication of continuing with their interrogation left conference room, advised Officer Smith that Mr. Duenas had invoked his right to counsel and that their interview was over.

## II.

### GUAM POLICE DEPARTMENT'S DISREGARD OF THE SUPREME COURT'S HOLDING IN EDWARDS V. ARIZONA, 451 U.S. 477 (1081)

Officer Smith, having been informed that Mr. Duenas requested counsel, then went into the conference room and initiated a conversation with the Defendant in violation of the United States Supreme Court's decision in *Edwards*, 451 U.S. 477 (1981). *Edwards* established a ridged prophylactic rule:

> If at any point during an interrogation a suspect invokes his right to counsel, all questioning must cease and may not be resumed in the absence of counsel unless the suspect himself initiates the further discussion; *Smith v. Illinois*, 469 US 91, 95 (1984).

The *Edwards* case is instructive and sited by the government in Government's Response to Defendants' Motion to Suppress Evidence and Statements filed on July 18, 2007 (hereinafter referred to as "Government's July Brief") on page 5 lines 13 through 16. It is also because of the *Edwards* case that during the direct examination of Officer Smith, Ms. Johnson's asked Officer Smith "Who initiated contact when you entered the conference room." Officer Smith responded by stating "I asked him how are you doing Ray? Okay?" See Government's October Brief page 2 line 21. Therefore, after Mr. Duenas invoked his right to counsel, the Government initiated contact

with the suspect in the hopes to garner a confession. Only now that the evidence has played out and the Government has no choice but to accept the fact that it was Officer Smith who initiated contact with Mr. Duenas, do they attempt and beg the court to allow them to submit a new brief somehow attempting to get around the *Edwards* case. The Government would like the court to believe this case presents some interesting variation of the prophylactic rule espoused by the United Stated Supreme Court in *Edwards* and now they wish to attempt to make this court believe that two (2) different agencies, *i.e.* the Territory through the Guam Police Department and the Federal Government (the "United States"), are somehow now investigating two (2) separate crimes. Nevertheless, Ms. Johnson doesn't believe that although two (2) separate and distinct crimes are being investigated, two (2) separate search warrants should have been procured. As usual, United States picks and chooses the facts they wish in order to garner a conviction regardless of anybody's Constitutional Rights.

The United States then admits on page 5 line 8 of the Government's October Brief that is often a hotly contested issue of whether a defendant's conduct could be taken as an initiation of contact when he affirmatively volunteers remarks to officials. Interestingly, the United States once again admits that it is the Defendant who <u>must initiate</u> the contact and not the Government. Therefore, Officer Smith's initiation of contact after the invocation of counsel is a direct violation of the United States Supreme Court's rule in *Edwards* and is not saved by the so-called selective invocation of the Right to Counsel rule as discussed in *U.S. v. Fontana*, 948 F2d 796 (9th Cir.1991). In fact, in all the cases cited by the United States, it is the defendant who initiates the contact. For example, in *Fontana* it was the defendant who asked the transporting officers "what was going to happen to him?" In *Bruney v. Lewis*, 847 F.2d 561 (9th Cir. 1988), the defendant stated he would answer no questions "without my attorney", but then added "Well, ask your questions and I will

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

answer those I see fit." Once again, the defendant initiated contact. In ***Conneticut v. Barrett***, 479 U.S. 523 (1987). The defendant after receiving his miranda warnings, stated "he would not make a written statement without counsel present, but he would be willing to talk to police about the charges." The above cases all have to do with defendant intelligently asserting that he would like to speak with officers and most importantly, the defendant was the party who <u>initiated contact</u> requesting information or wanting to discuss the case with police.

In this case, Mr. Duenas invoked his right to counsel and then police once again initiated contact with him in violation of ***Edwards***. Under the facts of this case, the United States has no chance to survive suppression of Mr. Duenas' statements.

The United States' assertion that Defendant did not intend to invoke his right with respect to Officer Smith is laughable. When a defendant asserts his right to counsel, it is the United States' burden to insure that defendant's constitutional rights are respected. Whether or not Mr. Duenas knew Officer Smith, attempted to talk to Officer Smith ten (10) hours previously in the hospital on a gurney or any other of the ridiculous assertions put forth by the United States, the fact remains he told Special Agent Jong that he wanted an attorney, Officer Jong then testified that she told Officer Smith that he wanted an attorney and Officer Smith knowing that Mr. Duenas had asserted his right to counsel, initiated contact with Mr. Duenas in an attempt and in the hopes that he could secure a confession. Additionally, Officer Smith's testimony that Special Agent Jong never told him that Mr. Duenas asserted his right to counsel goes directly towards Officer Smith's credibility with respect to the rest of his testimony that Mr. Duenas "really wanted to talk to him."

## III.

## CUSTODIAL INTERROGATION

Finally, the United States attempts to make the court believe that the discussion that resulted

-4-

in Mr. Duenas' statements was not interrogation. For that proposition, the Government sites *Miranda v. Arizona*, 384 U.S. 436 (1966), which informs every lawyer and law student since the decision in 1966 that interrogation is defined as follows:

> "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (emphasis added) *Miranda*, 384 U.S. at 444.

The United States then tries to show that ***Rhode Island v. Inis***, 446 U.S. 291 (1980), is somehow directly related to this case. However, once again, in *Inis* it is the defendant who interrupts the officers' conversation, told the officers to turn the car around and that he would show them where the gun was located. Just like all the other cases above, the defendant initiated contact and that is why the *Edwards* prophylactic rule was not invoked. Each and every case sited by the United States is the same and therefore, the remainder are not worth mentioning.

In conclusion, the United States brief is nothing more than another stall tactic to attempt to deceive the court in believing that this case presents some sort of esoteric and interesting fact pattern, when in fact the case is a simple *Edwards v. Arizona* violation and the statements made by Mr. Duenas as a result of the *Edwards* violation must be suppressed.

RESPECTFULLY submitted this 6 day of November, 2007.

**TEKER, TORRES & TEKER, P.C.**

By _____
JOSEPH C. RAZZANO, ESQ.
Attorneys for Defendant

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

## CERTIFICATE OF SERVICE

I, JOSEPH C. RAZZANO, hereby certify that true and exact copies of Defendant Raymond Ignacio Duenas, Jr.'s Response to Government's Brief Concerning Suppression of Statements by Raymond Duenas was served, via hand delivery, on November 26, 2007, on Assistant U.S. Attorney, Karon V. Johnson, Esq., Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910 and Rawlen Mantanona M. T., 414 W. Soledad Avenue, GCIC Building, Suite 601B, Hagåtña, Guam 96910.

DATED at Hagåtña, Guam, on November 26, 2007.

*/s/ Joseph C. Razzano*
JOSEPH C. RAZZANO