IN THE DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00039-001 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RAYMOND IGNACIO DUENAS, JR., | ) | REPORT & RECOMMENDATION[1] |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On April 2, 2008, the Defendant filed a Motion to Appoint handwriting and Fingerprint Experts. Docket No. 150. The Defendant requested permission "to retain the services of handwriting and fingerprint experts to assist . . . in the preparation of his defense at trial . . . and

---

[1] Pursuant to the Criminal Justice Act,

Counsel for a person who is financially unable to obtain investigative, expert, of other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain such services.

In this case, the services sought are required in connection with a matter over which Chief Judge Tydingco-Gatewood has jurisdiction. Accordingly, the below-signed Magistrate Judge issues this Report & Recommendation for the Chief Judge's consideration.

1  to possibly rebut the Government's evidence." Id. at 3. The Defendant further asserted that the

2  experts he seeks to retain would assist in the cross-examination of the government's experts, and

3  that the assistance of said experts could lead to possible other defenses. Id.

4  At a hearing held on May 6, 2008,[2] defense counsel Louie Yanza withdrew his request for

5  a fingerprint expert but affirmed his request to retain the services of David S. Moore, a forensic

6  document examiner from Fair Oaks, California. Mr. Yanza also sought prior authorization to

7  exceed the statutory maximum amount for compensating said expert.

8  Pursuant to 18 U.S.C. § 3006a(E)(3), compensation for expert services shall not exceed

9  $1,600, exclusive of reimbursement for expenses reasonably incurred. Compensation may

10 exceed this statutory cap if

> certified by the court, or by the United States magistrate judge if the services were rendered in connection with a case disposed of entirely before him, as *necessary to provide fair compensation for services of an unusual character or duration*, and the amount of the excess payment is approved by the chief judge of the circuit.

14 Id. (emphasis added).

15 In this case, the Defendant's motion sought to cap Mr. Moore's compensation at $25,000.

16 When further questioned at the hearing, Mr. Yanza stated that he believed Mr. Moore's initial

17 examination could possibly be completed for $5,000. Mr. Yanza further claimed that if

18 Mr. Moore were to testify at trial, his compensation would be much higher, in the range of

19 $13,000 to $15,000, exclusive of travel related expenses.

20 At this time, the court believes it is premature to authorize compensation for Mr. Moore

---

[2] Normally, requests for investigative, expert, or other services are request through an *ex parte* proceeding. In this instance, counsel did not file his motion as an *ex parte* request. Additionally, the Defendant's motion sought permission for its document expert to examine the ledger before any fingerprint analysis is done on the ledger by the government's experts. Accordingly, the court believed it was important to hear the government's position on this matter since the Government may have had some objection to releasing evidence in its possession before its experts have analyzed it.
Government counsel Karon V. Johnson had no objection to the Defendant's requests and stated that the government was not performing any fingerprint analysis on the alleged drug ledgers discovered in the Defendant's bedroom during the execution of a search warrant, but rather was only conducting handwriting comparisons.

at a rate well above the statutory maximum amount. However, because the Defendant is indigent and the services requested are necessary and of an unusual character, the court hereby recommends the following:

1. that Chief Judge Tydingco-Gatewood authorize counsel to obtain the services of Mr. Moore;

2. that Chief Judge Tydingco-Gatewood approve compensation for Mr. Moore above the $1,600 statutory maximum amount but capped at $5,000;

3. that defense counsel be permitted to file a supplemental *ex parte* petition if it appears that further services from Mr. Moore are necessary and would exceed the recommended limit of $5,000; and

4. that the United States be directed to release the original purported ledger and handwriting exemplars to Davis S. Moore for forensic examination after the United States has completed its examination of the ledger, to the following address:

> David S. Moore
> 9010 Barrhill Way
> Fair Oaks, California 925628

5. that Mr. Moore be directed to (i) acknowledge in writing receipt by him of the original ledger and handwriting exemplars, and (ii) return the original ledger and handwriting exemplars to the United States promptly upon completion of his forensic examination.

IT IS SO RECOMMENDED.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**
**Dated: May 07, 2008**