Louie J. Yanza
MAHER • YANZA • FLYNN • TIMBLIN, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
RAYMOND IGNACIO DUENAS, JR.



FILED
DISTRICT COURT OF GUAM

JUL 29 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>RAYMOND IGNACIO DUENAS, JR., et al.,<br><br>Defendants. | CRIMINAL CASE NO. CR07-00039<br><br>DEFENDANT RAYMOND IGNACIO DUENAS, JR.'S PROPOSED *VOIR DIRE* QUESTIONS |

COMES NOW, Defendant **RAYMOND IGNACIO DUENAS, JR.** ("DUENAS") through counsel, MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Louie J. Yanza, and hereby submits the following questions for the Court to inquire of the jury panel. If the response is affirmative, please inquire into the specifics.

Respectfully submitted this 29 day of July, 2008.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
RAYMOND IGNACIO DUENAS, JR.

By: /s/ LOUIE J. YANZA

ORIGINAL

1

1. Does any juror know or has he or she had any dealings, either directly or indirectly, with RAYMOND IGNACIO DUENAS, JR. or with any member of his family?

2. The United States is represented in this case, as it is in all criminal cases brought into this District, by Assistant United States Attorney Karon V. Johnson. Does any juror know or has any juror or any member of her family or associates had any dealings, either directly or indirectly, with Ms. David?

3. One or more of the prospective witnesses in this case may be employed with the U.S. Government or the Government of Guam. Would you tend to give credence to such witnesses solely by reason of the fact of the employment and their office?

4. Does any juror know or has he or she had any dealings, either directly or indirectly, with any of the following individuals or companies whose names may be mentioned during the course of this trial:

    a. Officer Scott Wade, Badge No. 150, Guam Police Department;

    b. Chief of Police Paul Suba, Guam Police Department;

    c. Officer John A. Perez, Badge No. 622, Guam Police Department;

    d. Officer Audrey Mashburn, Badge No. 724, Guam Police Department;

    e. Officer Felix C. Camacho, Guam Police Department;

    f. Officer Frank R. Santos, Badge No. 230, Guam Police Department;

    g. Officer J.P.B. Aguon, Badge No. 233, Guam Police Department;

    h. Officer E.G. Piolo, Badge No. 664, Guam Police Department;

2

Case 1:07-cr-00039   Document 167   Filed 07/29/2008   Page 2 of 4

  i. Officer Jin H. Yi, Guam Police Department;

  j. Officer J.V. De Cheves, Badge No. 653, Guam Police Department.

5. Have you or any relative ever been employed by the United States Department of Justice, Drug Enforcement Agency or the United States Attorney's office?

6. Have you or any relative ever been employed by the United States Government in some other capacity?

7. Have you or any relative ever been employed by any other governmental agency, whether federal, state, city or local, either on a voluntary or paid basis?

8. If you know someone employed by a law enforcement agency, have you discussed with that person the work in which he was involved as a law enforcement officer?

  a. Have you discussed with him the activities of the government dealing with law enforcement?

  b. Would any of these discussions affect your ability to sit as a juror in this case and render a fair and impartial verdict?

9. Are you or is any member of your family affiliated, connected with or a member of any crime commission or organization engaged in similar work?

10. Do you believe that someone is guilty of a crime for merely witnessing a crime and being there?

11. Do you think if someone is present, while two people are talking about a crime, that person is involved in the crime?

12. Do you think a person knows a crime, and happens to be while the crime is being committed, that person is guilty of a crime? Why?

13. Does any juror have any problem with their hearing or sight which would impair their full attention to this trial?

14. Has any past experience or a juror, in any way whatsoever, caused a juror to doubt his ability to sit as a completely impartial and unbiased trier of the facts?

15. Does any juror know of any possible reason, either suggested by these questions or otherwise, why he could not serve impartially in this case and fairly weigh the evidence and render a true and just verdict according to the evidence and according to the law as it will be explained?

16. In sum, is there any fact, circumstance, opinion, impression, attitude of mind, personal or other experience or identification with or membership in any group or organization which would prevent you, if accepted as a juror in the trial of this case, from listening to the evidence with an open mind and deciding the issues fairly and impartially, solely and only upon the evidence as heard from the lips of the witnesses and the Court's instructions as to the law?