Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
RAYMOND IGNACIO DUENAS, JR.

FILED
DISTRICT COURT OF GUAM

JUL 29 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR07-00039 |
| Plaintiffs, | DEFENDANT RAYMOND IGNACIO DUENAS, JR.'S PROPOSED JURY INSTRUCTIONS |
| vs. | |
| RAYMOND IGNACIO DUENAS, JR., et al., | |
| Defendants. / | |

COMES NOW, Defendant **RAYMOND IGNACIO DUENAS, JR.** ("DUENAS") through counsel, MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Louie J. Yanza, and hereby submits his Proposed Jury Instructions for the Court's consideration.

Respectfully submitted this 29 day of July, 2008.

          **MAHER • YANZA • FLYNN • TIMBLIN, LLP**
          Attorneys for Defendant
          **RAYMOND IGNACIO DUENAS, JR.**

By: _____
     LOUIE J. YANZA

1

## INSTRUCTION

1. DEFENDANT'S DECISION NOT TO TESTIFY ............................................................. 3
2. EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS .................................................................................... 4
3. SEPARATE CONSIDERATION OF MULTIPLE COUNTS ........................... 5
4. ACTIVITIES NOT CHARGED ............................................................................... 6
5. POSSESSION – DEFINED ..................................................................................... 7
6. STATEMENTS BY DEFENDANT ......................................................................... 8
7. IMPEACHMENT, PRIOR TO CONVICTION OF DEFENDANT ....................... 9
8. TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFIT, ACCOMPLICE, PLEA ............ 10
9. CONSPIRACY – KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS ................................................................................................... 11
10. FIREARMS – USING OR CARRYING IN COMMISSION OF DRUG TRAFFICKING CRIME OR CRIME OF VIOLENCE (18 U.S.C. § 924(C)) ................................................................................................................... 12
11. CONTROLLED SUBSTANCE—POSSESSION WITH INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1)) .............................................................. 14

# INSTRUCTION NO. 1

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 3.3

# INSTRUCTION NO. 2

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 3.10

# INSTRUCTION NO. 3

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Source:   Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 3.12

# INSTRUCTION NO. 4

# ACTIVITIES NOT CHARGED

The defendant is on trial only for the crime[s] charged in the indictment, not for any other activities.

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 3.11

# INSTRUCTION NO. 5

## POSSESSION – DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 3.18

# INSTRUCTION NO. 6

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 4.1

# INSTRUCTION NO. 7

## IMPEACHMENT, PRIOR TO CONVICTION OF DEFENDANT

You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Source:  Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 4.6

## INSTRUCTION NO. 8

## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFIT, ACCOMPLICE, PLEA

You have heard testimony from [*witness*], a witness who

> [received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness];
>
> [received benefits] [compensation] [favored treatment] from the government in connection with this case];
>
> [[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];
>
> [pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this][these] reason[s], in evaluating [*witness's*] testimony, you should consider the extent to which or whether [*witness's*] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine [*witness's*] testimony with greater caution than that of other witnesses.

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 4.9

10

# INSTRUCTION NO. 9

## CONSPIRACY – KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with [the other defendant] [or] [other conspirators] in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

1. the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

2. the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

3. the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 8.18

## INSTRUCTION NO. 10

## FIREARMS – USING OR CARRYING IN COMMISSION OF DRUG TRAFFICKING CRIME OR CRIME OF VIOLENCE (18 U.S.C. § 924(C))

The defendant is charged in Count II of the indictment with using and carrying a firearm during and in relation to a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of drug trafficking as charged in Count II of the indictment;

Second, the defendant knowingly used and carried a firearm; and

Third, the defendant used and carried the firearm during and in relation to the crime.

A defendant has "used" a firearm if he or she has actively employed the firearm in relation to drug trafficking as charged in Count II of the Indictment.

Use includes any of the following:

1. brandishing, displaying, bartering, striking with, firing or attempting to fire a firearm;

2. referring to a firearm in the defendant's possession in order to bring about a change in the circumstances of the predicate offense;

3. the silent but obvious and forceful presence of a firearm in plain view.

12

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle. A defendant "carries" a firearm when he:

1. knowingly possesses it; and

2. holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 8.65

# INSTRUCTION NO. 11

## CONTROLLED SUBSTANCE—POSSESSION WITH INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1))

The defendant is charged in Count II of the indictment with possession of methamphetamine hydrochloride with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed over 50 grams of methamphetamine hydrochloride; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine hydrochloride. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Source: Manual of Model Criminal Jury Instructions (9th Cir.) Ed. Sec. 9.13