DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND IGNACIO DUENAS, JR.,<br>and LOURDES CASTRO DUENAS,<br><br>Defendants. | Criminal Case No. 07-00039<br><br>**ORDER RE MOTION CONCERNING TESTIMONY OF OFFICER SMITH** |

The Motion Concerning Testimony of Officer Smith came before this court for a hearing on November 14, 2008. *See* Docket Nos. 218 and 225. After hearing argument from counsel, the court took the motion under advisement.[1] For the reasons discussed more fully herein, the court sets forth the bases for its decision **GRANTING** the motion.

## I. INTRODUCTION

On March 19, 2008, a grand jury returned a Superseding Indictment charging the Defendant, Raymond Inacio Duenas ("Defendant") with Conspiracy to Distribute Methamphetamine Hydrochloride in violation of 21 U.S.C. §§ 841(a) and 846; Possession of Methamphetamine Hydrochloride with Intent to Distribute in violation of 21 U.S.C. § 842(a)(1), Using and Carrying Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(I), Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g)(1) and Possession of Stolen Firearms in

---

[1] Because the motion concerning the testimony of Officer Smith was raised as to only the Defendant, Raymond Ignacio Duenas, Jr. Defendant Lourdes Castro Duenas is not discussed herein.

violation of 18 U.S.C. § 922(j). Presently before the court is the Government's Motion Concerning Testimony of Officer Smith. For the reasons set forth below, the Government's motion is granted.

## II. FACTUAL BACKGROUND

### A. Officer's Smith's Suppression Hearing Testimony

On July 5, 2007, Defendant filed Motions to Suppress evidence, arguing that his Fourth Amendment and *Miranda* rights had been violated. *See* Docket Nos. 35 and 36. Specifically, he sought the suppression of physical evidence found at his residence and the suppression of statements he made. The court conducted a hearing on the suppression motions from October 16 to October 22, 2007. During the course of the five-day hearing, the district court heard testimony from several Guam police officers. On December 21, 2007, the court issued its Order, denying the motions. *See* Docket No. 90.

One witness, Officer Frankie E. Smith ("Officer Smith"), testified about the circumstances under which the search was conducted and the Defendant made the statements in question. On direct-examination, Officer Smith testimony may be summarized as follows:

> That he had returned to the precinct where the Defendant was waiting in a briefing room. Docket No. 184 (Hr'g Tr. 530, October 19, 2007). He entered the briefing room and asked about the Defendant's well-being. *Id.* at 532. "The first words, I came, I said "How are you doing, Ray" and his words was that - - I said "Are you okay?" And his words were he didn't want to talk to the Feds because they scared him." *Id.* Before the officer began to further question the Defendant he advised the Defendant of his rights and had the Defendant execute a Advise of Rights Form.[2] *Id.* at 532-533.
>
> After the Defendant filled out the form and Officer Smith believed that the Defendant understood the waiver of his rights, the officer began to question the Defendant as to his drug trafficking activities. Docket No. 184 (Hr'g Tr. 530,

---

[2] The form was introduced into evidence as Exhibit 3 without objection.

October 19, 2007). The Defendant admitted that he knowingly received stolen items in exchange for methamphetamine ("ice") and revealed who his "source" was. *Id.* at 540-541.

During the government's direct examination of Officer Smith as to the details regarding the Defendant's source, defense counsel objected, arguing that the line of questioning "has nothing, no relevance or bearing on the voluntariness of the statement. I mean the statement speaks for itself." Docket No. 184 (Hr'g Tr. 541, October 19, 2007). In response to the objection the government argued that "[t]he detail that a person goes into is an indicia of how open, how comfortable they feel with the person that they're talking to." *Id.* The court overruled the objection, and the government continued its questioning.

Officer Smith testified that the Defendant subsequently reduced his verbal statement to a written one.[3] On cross-examination, defense counsel limited the questioning as to Defendant's statement to matters concerning the voluntariness of it. Attorneys for the Defendant cross-examined Officer Smith on how the statement was made and whether it was voluntary. They did not choose to cross-examine the witness as to the substance of the Defendant's statement line by line.

## B. Officer Smith's Unavailability

In December 2007, Police Officer Frankie E. Smith was killed in the line of duty. Accordingly, where the witness is deceased, his being unavailable at trial is a matter of no controversy.

### III. APPLICATION OF FEDERAL RULE OF EVIDENCE 804(B)(1)

The admissibility of the prior testimony of a witness who is unavailable to testify at trial is governed by Federal Rule of Evidence 804(b)(1). Rule 804(b)(1) provides:

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony

---

[3] The written statement was introduced into evidence as Exhibit 5 without objection.

is now offered, or, in a civil action or proceeding, a predecessor in interest, had an **opportunity and similar motive to develop** the testimony by direct, cross, or redirect examination. (emphasis added).

There is no dispute that Officer Smith's testimony given at the suppression hearing constitutes "testimony given as a . . . witness at another hearing" who is now unavailable. Similarly, there is no dispute that the defendant had an "opportunity" to develop Officer's Smith's testimony had defense counsel so chosen. The issue presumably lies with whether the Defendant had a similar motive to examine Officer Smith concerning the details of the Defendant's statement. The "similar motive" requirement is inherently factual and depends, at least in part, on the operative facts and legal issues and on the context of the proceeding. *United States v. Salerno*, 505 U.S. 317, 324-25 (1992). "'[S]imilar motive' does not mean 'identical motive' . . . " *Salerno*, 505 U.S. at 326 (Blackmun, J., concurring).

In *Salerno*, the Supreme Court addressed this similarity of motive requirement. In that case, seven defendants were accused of taking part in a criminal organization that committed fraud in the New York construction industry. Under immunity granted by the government, witnesses, Bruno and DeMatteis had testified before the grand jury. In front of the grand jury, they testified that the illegal enterprise which formed the core of the government's case simply did not exist. At trial, Bruno and DeMatteis claimed the Fifth Amendment privilege. Under Rule 804(b)(1) the defendants sought to introduce into evidence the potentially exculpatory testimony of Bruno and DeMatteis who were deemed to be "unavailable" to testify at trial. The Court rejected any presumption that a prosecutor's motives to develop testimony before the grand jury and at trial are similar and held that respondents could not make use of Rule 804(b)(1), unless they could "demonstrate" that the government, in fact, had a "similar motive" to develop the testimony in both proceedings. *Id.* at 325. The Supreme Court remanded the matter in order for the lower court to make the appropriate finding as to similar motive.

The Defendant argues that his motive in developing testimony at trial is dissimilar to the motives he had at the suppression hearing. He places reliance on *United States v. Wingate*, 520 F.2d 309 (2nd Cir. 1975), a case which is readily distinguishable. In *Wingate*, the defendant appealed the

- 4 -

district court's decision to exclude allegedly exculpatory suppression hearing testimony. The district court had specifically denied defense counsel's request to cross-examine the witness as to the defendant's involvement in the conspiracy. The appellate court affirmed the lower court's exclusion of the testimony, noting that the suppression hearing was limited to the sole issue of the voluntariness of the witness' confession, and did not concern the issue of guilt or innocence. The appellate court held that the use of the testimony at the subsequent trial to establish defendant's lack of involvement in a conspiracy was an entirely separate issue on which there had been no opportunity to cross-examine.

Here, the government directly asked questions concerning the context and details of the statement. It was clear that the government believed the statement itself was of importance. This court agreed in overruling counsel's objection to that line of questioning. Once it became evident that the incriminating statement itself was in issue, the focus of the motion to suppress expanded. Unlike in *Wingate,* counsel was given permission to ask Officer Smith questions concerning the Defendant's statement. Although defense counsel made a tactical decision not to question Officer Smith in this regard it cannot be interpreted as the Defendant being denied a meaningful opportunity to do so. In fact, defense counsel stated: "I mean, Judge, if she wants to talk about the voluntariness and the detail of the statement, we'll stipulate to just enter it into evidence; the Court's free to read it. I mean, I don't think we need to question Officer Smith on every line of the statement. I mean, it says what it says." Docket No. 184 (Hr'g Tr. 542, October 19, 2007) A purely tactical decision not to develop particular testimony despite the same issue and level of interest at each proceeding does not constitute a lack of opportunity or a dissimilar motive for purposes of Rule 804(b)(1). *See United States v. Zurosky*, 614 F.2d 779, 793 (1st Cir.1979).

In *Zurosky*, the First Circuit held that the lower court acted properly in admitting suppression hearing testimony under Rule 804(b)(1) because the defendant already had a meaningful opportunity to cross- examine the witness at the suppression hearing. The court remarked that although the defendant had been given an opportunity to cross-examine, he made a tactical decision not to do so. *Id.* at 793.

The court concludes that Defendant had a meaningful opportunity to cross-examine Officer Smith. Accordingly, the government may use the testimony of Officer Smith it so designated in its motion. *See* Docket No. 212.

### IV. CONCLUSION

For the foregoing reasons, the Government's motion to use Testimony of Officer Frankie Smith is **GRANTED.** A total of 176 jury questionnaires have been processed. The Jury Administrator has transmitted the remaining 94 answers to the questionnaires to all counsel on December 5, 2008. Counsel shall meet and confer, and shall file a stipulation concerning prospective jurors they believe should be excluded from the venire, by 12:00 noon on January 12, 2009. A pretrial conference shall be held on January 22, 2009 at 9:30 a.m., during which the court shall discuss the stipulation regarding the prospective jurors. Jury trial shall commence on February 9, 2009 at 9:30 a.m.

Furthermore, the court finds that in setting the dates of the trial as set forth herein, the ends of justice outweigh the interest of the public and defendant in a speedy trial, and therefore, the period commencing the date of this order through February 9, 2009, inclusive, shall be excluded pursuant to 18 U.S.C. § 3161(h)(8)(A).

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Dec 29, 2008**