# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND IGNACIO DUENAS, JR. and LOURDES CASTRO DUENAS,<br><br>Defendants. | Criminal Case No. 07-00039<br><br>**ORDER Re: REASONABLE DOUBT INSTRUCTION** |

In the Court's Instruction No. 4 ("Reasonable Doubt – Defined") of the Closing Jury Instructions for this case, the Court altered the Ninth Circuit's model instruction by striking the second paragraph. The Court explained its reasons for doing so to the parties on the record. The Court issues this order in further clarification of its reasoning.

In civil cases, the burden of proof instruction communicates the legal standard with clear, precise language. The Ninth Circuit's Model Instruction says it well: "When a party has the burden of proof on any claim by a preponderance of the evidence, it means that you must be persuaded by the evidence that the claim is more probably true than not true." *Ninth Circuit Manual of Model Civil Jury Instructions* § 1.3 (2007). This standard is unlikely to create much dissonance in the mind of the average juror. It also easily lends itself to accurate

1  visualizations–usually involving scales:  "if the evidence on my side is more persuasive than that
2  of the other side, even by the weight of a feather, you must find in favor of my client."

On the other hand, the Ninth Circuit's model *reasonable doubt* instruction is not clear and precise.  In making this statement, the Court does not intend any criticism of those who have labored to craft the instruction.  As witness to what a difficult task it is to draft an instruction, one need only review the model instructions in jurisdictions around the country – there is very little agreement.

Most modern reasonable doubt instructions are derived in some part from Chief Justice Shaw's opinion in *Commonwealth v. Webster*, 59 Mass. 295 (1850).  Chief Justice Shaw equated proof beyond a reasonable doubt to proof to a moral certainty, "a certainty that convinces and directs the understanding, and satisfies the reason and judgment, of those who are bound to act conscientiously upon it."  *Webster*, 59 Mass. at 320.  As alternatively framed in *Victor v. Nebraska*, the standard should "impress[] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused."  *Victor v. Nebraska*, 511 U.S. 1, 15 (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)).

In reviewing the history of the standard, with particular reference to *Victor*, courts have struggled with how best to define subjective certitude without using the archaic "moral" certainty definition, perhaps out of fear that the phrase may have a different meaning to a jury today than it did when the "beyond a reasonable doubt" standard was adopted.  *See Victor*, 511 U.S. at 12 ("We recognize that the phrase 'moral evidence' is not a mainstay of the modern lexicon, though we do not think it means anything different today than it did in the 19th century.  The few contemporary dictionaries that define moral evidence do so consistently with its original meaning.").  Moral certainty had nothing to do with morality or moral "values."  In the past, *moral* was simply used to capture the idea that certainty of guilt had to be with reference to subjective human affairs without requiring certainty in the objective, demonstrative, scientific sense.  "A leading 19th century treatise observed that 'matters of fact are proved by *moral evidence* alone; . . . in the ordinary affairs of life, we do not require demonstrative evidence, . . . and to insist upon it would be unreasonable and absurd."  *Victor*, 511 U.S. at 11 (citing 1. S.

Greenleaf, *Law of Evidence* 3-4 (13th ed. 1876)). "Demonstrative evidence" related to scientific experiment and observation. *See id.* at 10. Against this backdrop, courts traditionally have defined reasonable doubt by what it is not – "fanciful" or "imaginary" doubt. *Id.* at 17 ("A fanciful doubt is not a reasonable doubt. . . . [E]verything 'is open to some possible or imaginary doubt.'") (internal citation omitted).

There are two primary reasons why the reasonable doubt standard lacks precision. First, words change in meaning over time. It may be difficult to translate 18th Century concepts into modern language. Second, the government cannot challenge a jury instruction following an acquittal. Therefore, the jurisprudence in this area has developed by asking, after a conviction, whether the particular instruction is so flawed that it is unconstitutional. In answering this question, it is arguable that the development of the instruction has been somewhat impeded by the standard of review. As the Supreme Court explained in *Victor*: "the proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it." *Victor* 511 U.S. at 6 (1994) (citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). In other words, courts apply essentially a preponderance standard when analyzing whether a jury correctly understood an instruction intended to define a standard of proof considerably higher than that of a preponderance of the evidence. In short, there appear to be plausible reasons why a more contemporary and uniform standard has not developed. There is a difference between having a definition that meets minimal constitutional standards and a definition that is the best our profession can produce.

The current Ninth Circuit instruction on reasonable doubt is:

**3.5 Reasonable Doubt – Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

> If after a careful and impartial consideration of all the evidence, you are
> not convinced beyond a reasonable doubt that the defendant is guilty, it is your
> duty to find the defendant not guilty. On the other hand, if after a careful and
> impartial consideration of all the evidence, you are convinced beyond a reasonable
> doubt that the defendant is guilty, it is your duty to find the defendant guilty

*Manual* § 3.5.

While the purpose of the instruction is to guide jurors in doing their job, the second paragraph of this instruction contains numerous potential problems. Most glaringly, the second paragraph effectively camouflages or at least promotes a subtle shift in the burden of proof. By including within it words and phrases that convey to jurors that which they already know – that they are supposed to apply in this case (as in other aspects of life) reason and common sense – the paragraph conflates the role of "reason and common sense" with the standard of proof required to convict. Juries have two functions: first, to resolve disputed issues of fact; and second, to apply the law to the facts and determine guilt or innocence. In resolving disputed issues of fact, jurors appropriately use their common sense, and are routinely told by lawyers "not to leave their common sense at the courthouse door." That is fine. However, the second function requires that they rigorously apply a constitutionally mandated level of proof. The risk with the current instruction is that, as a consequence of unnecessarily injecting the phrase "common sense" into the instruction, jurors may improperly believe that the burden is one of finding the defendant guilty or not guilty based on what their common sense tells them, without reference to the constitutional standard. This risk seems particularly acute because the application of "reason and common sense" is an easy concept to grasp – defining what is meant by "proof beyond a reasonable doubt" has challenged courts for a long time. Unnecessarily mixing the two concepts in the same instruction creates the avoidable risk that jurors will improperly apply a "standard" that is easily understood rather than one which is much more challenging to understand. To the extent that it may be argued that the first paragraph of the instruction "cures" this risk, the Court disagrees.

1  Unnecessary or inconsistent language invites confusion.

2  The second paragraph also contains another flaw. In addition to risking conflating
3  the appropriate burden with "common sense," it meaninglessly defines reasonable doubt
4  as being " based on reason and common sense and not based purely on speculation." It
5  does so "meaninglessly" because if a jury finds that there is not reasonable doubt based
6  upon the guidance in this sentence, the jury is still *not* in a position to convict: the
7  standard is *beyond* a reasonable doubt.

8  The second paragraph also instructs the jury to not reach a decision "purely on
9  speculation." The Rules of Evidence already perform the appropriate "gate-keeping"
10 function to limit what the jury may consider as evidence. The phrase also implies that if a
11 reasonable doubt should not be based "purely on speculation," it may nonetheless be
12 based *partly* on speculation. *Speculate*, as commonly defined, is ill-suited to the
13 instruction. Its definitions range from "to meditate, to review something idly or casually,
14 to assume a business risk, to take to be true on the basis of insufficient evidence, to be
15 curious or doubtful about." *See* Merriam-Webster's Online Dictionary,
16 http://www.merriam-webster.com/dictionary/speculate (last visited 2009).

17 In sum, the Court finds the second paragraph of the Model Instruction on
18 reasonable doubt unhelpful in its fundamental role: assisting jurors with determining
19 whether the government has met its rigorous burden of proof. Because the Court finds
20 that a simpler instruction better serves that purpose, the Court struck the second
21 paragraph of the model instruction and instead issued the Court's Instruction No. 4,
22 which reads as follows:

23 **REASONABLE DOUBT - DEFINED**

24 Proof beyond a reasonable doubt is proof that leaves you firmly
25 convinced that the defendant is guilty. It is not required that the government
26 prove guilt beyond all possible doubt.

27 If after a careful and impartial consideration of all the evidence, you are
28 not convinced beyond a reasonable doubt that the defendant is guilty, it is your

duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**SO ORDERED** this 17th day of March, 2009.

                                                    /s/ Dean D. Pregerson
                                                  Dean D. Pregerson[1]
                                                  United States District Judge

---

[1] The Honorable Dean D. Pregerson, United States District Judge, Central District of California, sitting by designation.