DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>vs.<br><br>RAYMOND IGNACIO DUENAS, JR.,<br><br>                        Defendant. | CRIMINAL CASE NO. 07-00039-001<br><br>**ORDER RE: MOTION TO SUPPRESS<br>AND MOTION TO ADMIT** |

Before the court are Defendant's Motion to Suppress and the Government's Motion to Admit Prior Conviction. *See* ECF Nos. 365, 367. On December 10, 2013, the parties appeared before the court for a hearing on the motions. After reviewing the parties' briefs, relevant cases and statutes, and having heard argument from counsel on these matters, the court hereby **DENIES** Defendant's Motion to Suppress and **GRANTS** the Government's Motion to Admit Prior Conviction for the reasons stated herein.

## I. BACKGROUND

On March 19, 2008, a Superseding Indictment was filed, charging Defendant Raymond Ignacio Duenas, Jr. ("Defendant") with (1) Conspiracy to Distribute Methamphetamine Hydrochloride, (2) Possession of Methamphetamine Hydrochloride with Intent to Distribute,

- 1 -

(3) Using and Carrying a Firearm During a Drug Trafficking Crime, (4) Felon in Possession of Firearms, and (5) Possession of Stolen Firearms. *See* ECF No. 135.

Following a five-day suppression hearing, the court denied Defendant and his co-defendant spouse's motion to suppress the physical evidence seized from their property. The court also denied Defendant's motion to suppress his statements. *See* Order, ECF No. 90.

After the suppression hearing, but before trial, Officer Frankie Smith was killed. Over Defendant's objection, the court held that Officer Smith's suppression hearing testimony was "former testimony" under Federal Rule of Evidence 804(b) and allowed portions of said testimony to be read to the jury. *See* Order, ECF No. 240.

On March 17, 2009, the jury convicted Defendant of conspiracy to distribute and possession with intent to distribute methamphetamine hydrochloride, using and carrying a firearm during a drug trafficking crime, and possession of stolen firearms. *See* ECF No. 287. On December 2, 2009, Defendant was sentenced to twenty-five years imprisonment. *See* Judgment, ECF No. 310.

Defendant and his co-defendant appealed to the Ninth Circuit on the grounds that: (1) the suppression motions (regarding physical evidence seized from their property and Defendant's statements) should have been granted; (2) Officer Smith's suppression hearing testimony should not have been admitted at trial; and (3) there was insufficient evidence to support the conviction. The Ninth Circuit held that the district court properly denied the motion to suppress the physical evidence seized from the property, but that the court erred in admitting Officer Smith's suppression hearing testimony. *See United States v. Duenas*, 691 F.3d 1070, 1092 (9th Cir. 2012). Accordingly, the Ninth Circuit vacated and reversed Defendant's conviction. The Ninth Circuit did not reach the issue of whether Defendant's statement was voluntary or the sufficiency

of the evidence. *Id*.

## II. DISCUSSION

### A. Motion to Suppress

Defendant moves the court to suppress his written statement dated April 19, 2007 because said statement was involuntary. *See* Def.'s Mot., ECF No. 365. Defendant contends that the statement was made after he had invoked his right to counsel and that he did not initiate the contact that eventually led to the statement. *Id*. at 4–5. The Government argues that the court has already determined the voluntariness of Defendant's statement. *See* Pl.'s Opp'n, ECF No. 378. Therefore, per the law of the case doctrine, Defendant should not be allowed to relitigate the voluntariness of the written statement. *Id*. at 4.

The Government contends that the statement is admissible as a statement of interest so long as it can be authenticated. *See* Pl.'s Mem., ECF No. 379. The Government intends to prove authentication in two ways: Officer Elbert Piolo's testimony and Defendant's declaration[1] in support of his previous motion to suppress. *Id*. at 1. Defendant argues that the Government is judicially estopped from claiming that Officer Piolo can authenticate the written statement due to its representations to the Ninth Circuit. Def.'s Reply at 2–3, ECF No. 381. Defendant also argues that Officer Piolo cannot authenticate the statement since he was not present during Defendant's interrogation. *Id*. at 4.

#### 1. Voluntariness

At the motion hearing, Defendant conceded that the law of the case doctrine applies in this instance. The court had already determined that Defendant's statements were freely and

---

[1] At the hearing, the Government informed the court that it would only request that paragraph 11 of Defendant's declaration in support of his prior suppression motion be admitted. Said paragraph reads:
> They told me everything was on paper and there was nothing that I could do but to do as they say. They then told me to sign a waiver and write down everything they wanted to know and everything will stop and I will be alright and that they would help me. Because I wanted everything to stop, I did sign the paper.

Duenas Decl. (Gov't Ex. 2) ¶ 11, ECF No. 379-1.

voluntarily given in its order dated December 21, 2007, and the Ninth Circuit declined to address the voluntariness issue on appeal. *See* Order, ECF No. 90; *Duenas*, 691 F.3d at 1092.

"Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Almazan-Becerra*, 537 F.3d 1094, 1096–97 (9th Cir. 2008) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). This general rule is subject to several exceptions, such as when: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Alexander*, 106 F.3d at 876.

Here, none of the exceptions applies. Accordingly, pursuant to the law of the case doctrine, Defendant is not permitted to relitigate the voluntariness of his written statement and the court is precluded from reconsidering the issue.

### 2. Judicial Estoppel

Although Defendant conceded that he cannot relitigate the voluntariness of his statement per the law of the case doctrine, he contends that judicial estoppel precludes the Government from arguing that Officer Piolo can authenticate Defendant's written statement. This is due to the Government's alleged representation to the Ninth Circuit on appeal that "it would not have been able to introduce [the] statement at trial without [Officer] Smith's testimony." Def.'s Reply at 2–3, ECF No. 381 (quoting *Duenas*, 691 F.3d at 1091). Defendant asserts that because his statement cannot be authenticated without Officer Smith's testimony, it is not admissible.

#### a. Availability Against the Government in Criminal Cases

Judicial estoppel is an equitable doctrine that "generally prevents a party from prevailing

in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). The Government argues that judicial estoppel is not applicable in criminal cases, emphasizing the fact that Defendant cites to only civil cases. Pl.'s Sur-Opp'n at 3, ECF No. 386.

In *United States v. Lehman*, the Ninth Circuit determined that it "need not decide whether judicial estoppel is ever available against the government in a criminal case." 756 F.2d 725, 728 (9th Cir. 1985). The Government contends that "[t]his issue had not been resolved as of 2007," citing to *United States v. Castillo-Basa*, 483 F.3d 890 (9th Cir. 2007). However, in *Castillo-Basa*, the Ninth Circuit stated, "[a]lthough we do not reach the issue, we note that this troubling reversal of position [by the government] may violate our established judicial estoppel doctrine." *Id.* at 899 n.5. Contrary to the Government's interpretation, the court reads this language in *Castillo-Basa* as indicating that the Ninth Circuit was not reaching the issue in this particular instance rather than implying that judicial estoppel is never available against the government in a criminal case. In *United States v. Garcia*, the Ninth Circuit affirmed the district court's decision to not apply judicial estoppel against the government in a criminal case. 37 F.3d 1359, 1366–67 (9th Cir. 1994), *abrogated in part on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999). In so holding, the court did not find that judicial estoppel was never available against the government in a criminal case, but rather that it was simply inappropriate in that instance. *Id*. *See also United States v. Vue*, 463 Fed. App'x 623 (9th Cir. 2011) (finding no basis for estopping the prosecution's arguments at sentencing rather than finding that judicial estoppel was never available against the government).

There is no Ninth Circuit opinion which explicitly decides the issue of whether judicial estoppel is ever available against the government in a criminal case. However, the Ninth Circuit

has applied the doctrine in habeas and sentencing proceedings in addition to an ancillary proceeding to criminal forfeiture without analysis as to whether the doctrine should apply. *See United States v. Liquidators of European Federal Credit Bank*, 630 F.3d 1139 (9th Cir. 2011) (applying judicial estoppel against the government in an ancillary proceeding when its previous contradictory argument had prevailed in the criminal forfeiture proceeding); *United States v. Hoey*, 34 Fed. App'x 290, 291 n.1 (9th Cir. 2002) (applying judicial estoppel against the defendant in sentencing proceeding when he argued to the district court that he should be sentenced under 841(b)(1)(D), but subsequently argued that the district court erred in doing so); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (applying judicial estoppel in a habeas proceeding when the state persuaded the district court to deny the defendant federal review because he had an adequate and available state remedy, but subsequently argued in state court that the defendant was procedurally barred).

### b. Applicability

Assuming, without deciding, that judicial estoppel is available against the Government in this case, Defendant still has not satisfied the requirements for judicial estoppel. Although "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," the Supreme Court has identified three factors that "typically inform the decision whether to apply the doctrine in a particular case":

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled…A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire*, 532 U.S. at 750–51 (internal citations and quotation marks omitted). Additionally, the Ninth Circuit has held that "chicanery or knowing misrepresentation by the

party to be estopped is a factor to be considered in the judicial estoppel analysis." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 995 (9th Cir. 2012).

### i. Clear Inconsistency

The Government argues that its intention to authenticate Defendant's statement through the testimony of Officer Piolo and Defendant's declaration in support of his suppression motion is not clearly inconsistent with its representations to the Ninth Circuit on appeal. *See* Pl.'s Sur-Opp'n, ECF No. 386. In its opinion, the Ninth Circuit stated, "As the government concedes, it would not have been able to introduce [Defendant]'s written statement at trial without [Officer] Smith's testimony, because Smith was the only officer present when [Defendant] executed the written statement." *Duenas*, 691 F.3d at 1091.

The Government asserts that the only basis for the Ninth Circuit's remark is its appellate brief, in which the Government stated: "The government needed Smith's testimony to identify defendant's written statement; though Officer Piolo witnessed defendant sign the waiver of rights, he was only sporadically present during the oral interview with Smith, and had left on another assignment when defendant executed his written statement." 2010 WL 5853217, *33. The Government argues that its statement "had nothing to do with the issue in controversy [on appeal], whether defendant had sufficient motive to cross-examine Smith on the accuracy of defendant's statements, but rather was an explanation of why the government believed Smith's testimony was important." Pl.'s Sur-Opp'n at 2, ECF No. 386. The Government contends that the focus on appeal was the question of motive and the issue of authentication was not raised.

Having listened to the oral arguments held before the Ninth Circuit, the court concurs with the Government's representation that the only basis for the Ninth Circuit's remark in its opinion is the Government's appellate brief. The implication of the Government's statement is

that Officer Piolo's testimony by itself would be insufficient to authenticate Defendant's statement, and thus, Officer Smith's testimony was required to identify it. This is not clearly inconsistent with the Government's present position that it intends to authenticate the statement with Defendant's declaration, wherein he admitted that he wrote the statement, which will be further corroborated by Officer Piolo. The court also notes that the Government's appellate brief is inconsistent with the record since Officer Piolo testified at trial that he was in and out of the interview room and would observe Defendant writing the statement in his own hand. *See* Trial Tr. (Gov't Ex. 4) 532, Mar. 12, 2009, ECF No. 413-1. Thus, the first factor weighs against applying judicial estoppel.

### ii. Prior Court Acceptance

While the Government's current stance is not entirely inconsistent with the language from its appellate brief, the Ninth Circuit understood the Government's language to mean that the Government conceded it "would not have been able to introduce [Defendant's] written statement at trial without Smith's testimony." *Duenas*, 691 F.3d at 1091. Accordingly, if the court accepts the Government's current position, it "would create the perception that either the first or the second court was misled." *New Hampshire*, 532 U.S. at 750–51. Therefore, the second factor weighs in favor of applying judicial estoppel.

### iii. Unfair Advantage or Detriment

There is no indication that there would either be unfair advantage to the Government or unfair detriment to the defense if the court does not apply judicial estoppel in this instance. The Government's statement that it "needed Smith's testimony to identify defendant's written statement" was not directly pertinent to the germane issue on appeal—Defendant's motive to cross-examine Officer Smith at the suppression hearing on the accuracy of Defendant's statements—and it did not confer any advantage to the Government.

At the hearing, defense counsel argued that the only reason why the Ninth Circuit didn't reach the issue of the voluntariness of Defendant's statement was because the Government conceded that only Officer Smith was present when Defendant's written statement was being executed. Thus, the Government did obtain an advantage by allegedly making said concession and not having the Ninth Circuit resolve the voluntariness issue (assuming that the Ninth Circuit would have found that the statement was not voluntary if it had reached the issue).

This is simply not the case. Upon review of the oral arguments before the Ninth Circuit, the court notes that the panel spent significant time on the issue of voluntariness and did not address the issue of authentication of Defendant's statement. This conclusion is further bolstered by the opinion, in which the Ninth Circuit states that "[t]he parties did not address the prejudicial effect of the district court's admission of Smith's testimony," noting that Defendant's written and oral statements were admitted though Officer Smith. *Duenas*, 691 F.3d at 1091.

Moreover, the Government still needs to satisfy its burden of authenticating Defendant's written statement under the Federal Rules of Evidence. Not applying judicial estoppel does not otherwise lessen or eliminate the Government's burden of authentication, and thus, Defendant will not suffer any unfair detriment since the Government is still held to the same burden of authentication. Consequently, the third factor weighs against applying judicial estoppel.

### iv. Knowing Misrepresentation

There is no indication that the Government engaged in knowing misrepresentation to either this court or the Ninth Circuit. As discussed above, the Government's current position is not clearly inconsistent with its statements to the Ninth Circuit, despite the Ninth Circuit's interpretation of said statements. Further, Officer Piolo's testimony at trial is consistent with the Government's position that Officer Piolo saw Defendant's written statement the day that it was

executed. Accordingly, this factor weighs against applying judicial estoppel.

Although the Supreme Court has held that there are no "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," courts have identified various factors that typically inform the decision. Here, three of the four identified factors weigh against applying judicial estoppel.

Further, the purpose of judicial estoppel is to "prevent a party from *prevailing in one phase of a case on an argument* and then relying on a contradictory argument to prevail in another phase." *New Hampshire*, 532 U.S. at 749 (emphasis added). Here, the Government did not prevail on the issue that was before the Ninth Circuit and did not rely on the argument that it "needed Smith's testimony to identify defendant's written statement".

Therefore, the court finds judicial estoppel is not applicable and **DENIES** Defendant's Motion to Suppress accordingly.

### B. Motion to Admit Prior Conviction

The Government moves the court to admit Defendant's prior drug conviction because the Government intends to offer the prior conviction in its case-in-chief and anticipates an objection by Defendant. The Government argues that "his prior conviction is highly relevant to the issues of knowledge, intent and motive." Pl.'s Mot. at 3, ECF No. 367. Defendant argues that the prior conviction only shows his criminal propensity and does not prove a material element of the Government's case.[2] *See* Def.'s Opp'n, ECF No. 380.

#### 1. Admissibility

Under Rule 404(b) of the Federal Rules of Evidence, although evidence of a prior conviction "is not admissible to show that the defendant has a bad character and is prone to

---

[2] The court notes that at the motion hearing, defense counsel submitted that Defendant is willing to stipulate that he is a prior felon rather than admit his prior conviction into evidence. The Government reserved its position regarding stipulation until further review.

criminal activity, it may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). "To prove that the evidence is offered for one of these reasons, it is the government's responsibility to show that the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time." *Id.* (citing *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) and *United States v. Arambula-Ruiz*, 987 F.3d 599, 602 (9th Cir. 1993)).

### a. Proof of a Material Element

Defendant argues that his prior possession "conviction is only a 'user' quantity conviction and does not prove a material element of conspiracy to distribute methamphetamine and is not sufficiently similar to the charged transaction." Def.'s Opp'n at 2, ECF No. 380. However, the Government points out that Defendant was previously convicted of Possession of a Schedule II Controlled Substance *with Intent to Deliver*,[3] not simple possession, and is currently charged with Possession of Methamphetamine Hydrochloride with Intent to Distribute. Pl.'s Reply at 1, ECF No. 385.

"The crime of possession with the intent to distribute [methamphetamine hydrochloride] has three essential elements. The government must prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the [methamphetamine hydrochloride], (3) with an intent to distribute it." *United States v. Romero*, 492 Fed. App'x 809, 812 (9th Cir. 2012) (quoting *United States v. Innie*, 7 F.3d 840, 844 (9th Cir. 1993)). The Ninth Circuit has held that a prior conviction for possession of methamphetamine for sale "shows that [the defendant] had

---

[3] 9 GUAM CODE ANN. § 67.401.1(a)(1) reads: Except as authorized by this Act, it shall be unlawful for any person knowingly or intentionally to manufacture, deliver or possess with intent to manufacture, deliver or dispense a controlled substance.

- 11 -

specialized knowledge regarding methamphetamine transactions." *Ramirez-Robles*, 386 F.3d at 1242 (holding prior possession for sale conviction admissible to prove distribution and conspiracy to distribute methamphetamine). Similarly, here, Defendant's prior conviction for possession with intent to deliver is relevant to prove the element of knowledge. Accordingly, the first element demonstrating that the Government is not offering the prior conviction for an improper purpose is satisfied.

#### b. Similarity to Offense Charged

The second element is applicable since the Government intends to use the evidence to prove intent. *See* Pl.'s Mot. at 3, ECF No. 367. Defendant was previously convicted of Possession of a Schedule II Controlled Substance with Intent to Deliver. He is currently charged with Possession of Methamphetamine Hydrochloride with Intent to Distribute. As these offenses are identical, the second element is satisfied.

#### c. Sufficient Evidence

As Defendant was convicted of this prior offense, there is sufficient evidence to support the finding that he committed said offenses. *See Ramirez-Robles*, 386 F.3d at 1243 (citing *Arambula-Ruiz*, 987 F.2d at 603). Accordingly, the third element is satisfied.

#### d. Remoteness

Defendant was convicted in the Superior Court of Guam on December 29, 2000 and was indicted for the current charged offenses on April 25, 2007. The Ninth Circuit has held that such a time period is not too remote considering the similarity between the prior conviction and the charged offense. *See United States v. Johnson*¸ 132 F.3d 1279, 1282–83 (9th Cir. 1997) (holding that evidence of prior bad acts committed thirteen years prior was admissible due to the similarity of the conduct).

All four elements of the Rule 404(b) inquiry are satisfied here. However, admission of

Defendant's prior conviction is still subject to Rule 403 balancing of probative value and unfair prejudice.

### 2. Rule 403 Balancing

The Ninth Circuit "has specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry." *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994). Rule 403 provides that the "court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403 (emphasis added). "Where the probative value is slight, moderate prejudice is unacceptable." *Ramirez-Robles*, 386 F.3d at 1244 (citing *United States v. Hill*, 981 F.2d 422, 424 (9th Cir. 1992)).

In *Ramirez-Robles*, the Ninth Circuit held that the district court did not abuse its discretion by admitting evidence of the defendant's prior conviction for possession for sale because it demonstrated his "specialized knowledge" and thus, "its probative value outweighed its prejudicial impact." 386 F.3d at 1243–44. Similarly, here, the Government intends to use Defendant's prior conviction to prove his specialized knowledge and intent. Therefore, its probative value outweighs its prejudicial impact, and it is not subject to exclusion under Rule 403.

The court finds that Defendant's prior conviction is admissible and that is probative value outweighs its prejudicial impact. Accordingly, the court **GRANTS** the Government's Motion to Admit Prior Conviction.

## III. CONCLUSION

Based upon the foregoing, the court **DENIES** Defendant's Motion to Suppress and **GRANTS** the Government's Motion to Admit Prior Conviction. A new trial scheduling order will be issued separately.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Jan 09, 2014**